461 P.2d 235

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Clifford JONES and Charles Mitchell,
Defendants-Appellants.**

No. 364.

Court of Appeals of New Mexico.

Oct. 31, 1969.

William J. Schnedar, Frazier, Cusack & Schnedar, Roswell, for appellant Jones.

Paul Kelly, Jr., Hinkle, Bondurant & Christy, Roswell, for appellant Mitchell.

James A. Maloney, Atty. Gen., Santa Fe, Oliver H. Miles, Asst. Atty. Gen., for appellee.

OPINION

HENDLEY, Judge.

Defendants appeal their conviction of armed robbery. Section 40A–16–2, N.M. S.A.1953 (Repl. Vol. 6).

Defendants raise three separate points for reversal. Their third point that "The trial court erred in denying a mistrial following the prosecutor's comment on Defendants' failure to testify" is dispositive of this appeal and we reverse for the reasons hereinafter stated.

In his closing argument to the jury the district attorney stated: "* * * there is no testimony at all, from either one of these sterling Defendants or anybody else * * *" Immediately defense counsel objected, pointing out that the district attorney's phrase was a "comment concerning the refusal of Defendant's [sic] to take the stand." Defense counsel moved for a mistrial on the ground that such a comment to the jury was in contravention of the defendants' Fifth Amendment right to remain silent.

The trial court ruled: "As to the objection regarding the argument, it is probably unnecessary and improper to refer to the Defendants, so that the Jury will disregard Mr. Hanagan's statement that there wasn't any testimony by these Defendants. * * *"

The State has cited State v. Lopez, 61 N.M. 34, 294 P.2d 276 (1956), for the proposition that improper comments by a prosecutor may be cured by a prompt admonition from the court. That case, however, concerned circumstances that were unique, and the comments there, unlike here, did not go to a constitutionally protected right. Nor are we unmindful that *Lopez* preceded Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). *Griffin* overruled by reference [see note 3] what was expressly overruled by our Supreme Court

in State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966); namely, that portion of § 41–12–19, N.M.S.A.1953 (Repl. Vol. 6), which permitted within the discretion of the court, comment or argument concerning the accused's failure to testify.

The State cites other authority to support its contention that the error of the district attorney was remedied by the court's admonition. That is to say there was no prejudicial error requiring a reversal and a new trial. However, the State's position is merely an assertion without substantiation. When there is a reasonable possibility that the inappropriate remark of the district attorney might have contributed to the conviction, the State, as beneficiary of that constitutional infringement, must prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065 (1967). The State has not met that burden.

To permit a district attorney to make comments violative of the accused's constitutional rights and then have the State claim that a prompt admonition cures such a violation of one's rights would be to cheapen that right. We think it safer to have the prosecutor scrupulously respect the constitutional rights of the accused or let him bear the burden of proving beyond a reasonable doubt that his deviation did not contribute to the defendant's conviction. Chapman v. California, supra. We cannot hold that an admonition as equivocal as the one given in this case, cured the error complained of. Appropriate in this context is the statement in State v. Rowell, 77 N.M. 124, 419 P.2d 966 (1966):

"'* * * after injecting it [an inadmissible statement] into the case to influence the jury, the prosecutor ought not to be heard to say, after he has secured a conviction, it was harmless. As the appellate court has not the insight into the deliberations of the jury room, the presumption is to be indulged, in favor of the liberty of the citizen, that whatever the prosecutor, against the protest of the defendant has laid before the jury, helped to make up the weight of the prosecution which resulted in the verdict of guilty.'"

Reversed and remanded.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.