498 P.2d 1370

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Cornelius MARTIN, Defendant-Appellant.**

**No. 814.**

Court of Appeals of New Mexico.

June 23, 1972.

Robert E. Sabin, Atwood, Malone, Mann & Cooter, Roswell, for defendant-appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant appeals his conviction of armed robbery § 40A–16–2, N.M.S.A.1953 (Repl.Vol.1964).

Defendant raises three separate points for reversal. His first point relating to the trial court's refusal to grant a mistrial when the prosecutor improperly commented in closing argument about the defendant's

invocation of his constitutional right against self-incrimination is dispositive of this appeal and we reverse for the reasons hereinafter stated.

Following his arrest in his home the defendant was found to have $72.00 in his possession which he attempted to give his wife. There was no comparison of the denominations taken from Mr. Binns, the victim, and the money found in possession of the defendant. Mr. Binns had testified at the preliminary hearing that he had only $50.00 in his wallet at the time of the robbery however at the trial he testified that he had at least $70.00 in his wallet when he was robbed. Before trial defendant filed a motion advising the court he desired to take the stand in his own behalf and requested the court to recognize his constitutional right to refuse to testify as to the source of the money in his possession on the grounds it would tend to incriminate him of an independent and collateral offense. The court entered an order recognizing the defendant's right to refuse to answer any questions as to the source of the money on the grounds that it might tend to incriminate him of a collateral and independent offense. On cross-examination, defendant was asked where he had obtained the money in his possession and he refused to answer on the grounds that it might tend to incriminate him.

In his closing argument to the jury the district attorney stated:

" . . . Now, to give you an idea of what a sterling character the Defendant was, [n]ot only was he lying to avoid arrest on this crime, we submit he was trying to unjustly enrich himself by the proceeds of a crime by slipping them to his wife, when he was arrested. He was cunning enough to conceive this cock and bull story that the father-in-law was suppose to have given him the money that day, to cover where he got the money, and even today, again, you can see his truthfulness, when he says he refused to answer the question of where it came from, took the Fifth Amendment, [and] said it came from another separate deal, and not —"

The defendant objected and moved for a mistrial. The trial court denied defendant's motion for a mistrial and stated:

"The jury will disregard the remarks by the district attorney."

It is defendant's contention that it was reversible error for the trial court to refuse to grant a mistrial because of the prosecutor's improper and prejudicial comment during closing argument and that the error could not be cured by the court's admonition to disregard the testimony. We agree.

We think that Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 (1942); Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957) and State v. Jones, 80 N.M. 753, 461 P.2d 235 (Ct.App.1969) are controlling.

In *Johnson*, even though the claimed privilege had been erroneously granted the United States Supreme Court held it error for the prosecution to comment on the claimed privilege. The court in passing on that point stated:

" . . . But where the claim of privilege is asserted and unqualifiedly granted, the requirements of fair trial may preclude any comment. That certainly is true where the claim of privilege could not properly be denied. The rule which obtains when the accused fails to take the stand (Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650) is then applicable. As stated by the Supreme Court of Pennsylvania, 'If the privilege claimed by the witness be allowed, the matter is at an end. The claim of privilege and its allowance is properly no part of the evidence submitted to the jury, and no inferences whatever can be legitimately drawn by them from the legal assertion by the witness of his constitutional right. The allowance of the privilege would be a mockery of justice, if either party is to be affected injuriously by it.' . . ."

Subsequently, in the concurring opinion in *Grunewald*, four justices of the United States Supreme Court stated:

" . . . The value of constitutional privileges is largely destroyed if persons can be penalized for relying on them. It seems peculiarly incongruous and indefensible for courts which exist and act only under the Constitution to draw inferences of lack of honesty from invocation of a privilege deemed worthy of enshrinement in the Constitution. . . ."

It is the State's contention that every such comment by a prosecutor does not require a mistrial. While recognizing the rule it is the State's position that the comment was not directed to defendant's failure to take the stand; that the comment here did not give rise to a possibility that an inference of guilt was made from the comment by the prosecutor; and, that the prosecutor's comment referred to the lack of truthfulness on the part of the defendant rather than guilt.

We cannot agree with these contentions. We see no basic distinction between a prosecutor's comment on a defendant's failure to take the stand and a comment on a defendant's invocation of privilege against self-incrimination which had been granted. By commenting on defendant's exercise of his right to refuse to testify the prosecutor necessarily suggests to the jury that defendant must be guilty of the crime or he would not have refused to testify about the money found in his possession. The burden is then upon the State to prove beyond a reasonable doubt that the comment did not contribute to the verdict. As this court stated in *Jones*:

" . . . When there is a reasonable possibility that the inappropriate remark of the district attorney might have contributed to the conviction, the State, as beneficiary of that constitutional infringement, must prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. . . ."

We do not feel the State has met the burden of proving beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065 (1967). Nor can we say as a matter of law that the admonition cured the error. See State v. Jones, supra.

Reversed and remanded.

It is so ordered.

COWAN and HERNANDEZ, JJ., concur.