546 P.2d 876

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Toni LEYBA, Defendant-Appellant.**

**No. 2041.**

Court of Appeals of New Mexico.

Jan. 27, 1976.

Certiorari Denied March 1, 1976.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Sarah M. Singleton, Assistant Appellate Defender, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., F. Scott MacGillibray, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Chief Judge.

Convicted of receiving stolen property, defendant appeals. We reverse because of prosecutor misconduct in closing argument to the jury.

The stolen property was a necklace. There was evidence that defendant stated she did not remember how she got the necklace or how long she had it, but that she had had it for a long time. An issue at trial was whether defendant received or retained the necklace "knowing that it has been stolen or believing it has been stolen". Section 40A–16–11(A), N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1975).

The assistant district attorney argued:

"His [defense counsel's] witnesses say she wore it very openly in public and it was also loaned to a friend and remarkably enough it was done before the necklace was even stolen. Let's go into this just a little bit more. That her possession of the necklace, her ownership was so open and so honest, *why had not the defense case or witnesses told you today in Court where she got it. They have had all of this time to show where it truthfully came from.*" (Our emphasis.)

Defendant objected that the argument was improper and moved for a mistrial which was denied.

The assistant district attorney continued:

"*What have they shown as to the true ownership of the necklace, where it came from, where it was bought from, who sold it, absolutely nothing has been shown.* The State has the burden of proof beyond a reasonable doubt and I will in no way, shape or form shirk from that duty. (Our emphasis.)

\*   \*   \*   \*   \*   \*

"Obviously this is not an open and shut case. I ask you, ladies and gentlemen, how you prove what a person believes or knows about something that he or she knows is wrong. The persons receiving stolen property proclaim their guilt in

public in front of witnesses? Of course, not . . . .

\* \* \* \* \* \*

"She is going to go into a cold cell . . . but on the other hand, *she has no explanation that might help her get out of jail,* nothing." (Our emphasis.)

The last emphasized remark of the prosecutor was a comment on defendant's failure to testify. *State v. Jones,* 80 N.M. 753, 461 P.2d 235 (Ct.App.1969). Defendant did not object to this comment. The New Mexico rule is that unless objection was made to the improper comment, the comment will not be reviewed. *State v. Vallejos,* 86 N.M. 39, 519 P.2d 135 (Ct.App. 1974). A question arises whether the New Mexico rule remains valid since the decision of the United States Supreme Court in *United States v. Hale,* 422 U.S. 171, 45 L.Ed.2d 99, 95 S.Ct. 2133 (1975). See *State v. Lara,* 88 N.M. 233, 539 P.2d 623 (Ct.App.1975). We do not consider this question because we do not consider the improper comment on defendant's silence as an independent point for review. We do consider the improper comment in relation to the other comments of the prosecutor, quoted above.

The first two emphasized remarks of the prosecutor are directed to the failure of the defense to call witnesses to explain defendant's possession of the necklace. The argument acknowledges that the State had the burden of proof but, nevertheless, argued that defendant had failed to make an explanation. There is agreement that remarks of this type are improper. They suggest that a defendant has some duty to produce witnesses or has some burden of proof. See *State v. Caron,* 218 N.W.2d 197 (Minn.1974). The decisions, however, differ as to whether the improper remarks amount to reversible error.

In *People v. Mirenda,* 23 N.Y.2d 439, 297 N.Y.S.2d 532, 245 N.E.2d 194 (1969) the prosecutor made repeated references to defendant's failure to produce witnesses. The court consistently sustained objections to the prosecutor's statements and admonished the jury that the defense was not required to call witnesses. Because of the repeated misconduct, the conviction was reversed. In *People v. Thomas,* 22 Ill.App. 3d 854, 318 N.E.2d 342 (1974) the state commented on defendant's failure to produce alibi witnesses. It is not clear whether the defense objected to the comment. The defense did object to the state calling defendant a criminal when the defendant had no prior record and had not presented his defense when the remark was made. The Illinois court held that the comment on failure to produce witnesses, when combined with the reference to defendant as a criminal, had the effect of shifting the burden of proof and amounted to reversible error.

*State v. Caron,* supra, held that the prosecutor's comment on the defendant's failure to produce witnesses was improper, but it also held that the remark did not amount to reversible error because defendant did not object to the comment and did not seek a curative instruction. *United States v. Smith,* 436 F.2d 787 (5th Cir. 1971) held the improper comment was not reversible where a defense objection was sustained and there was a "prompt corrective instruction".

In *United States v. Smith,* 500 F.2d 293 (6th Cir. 1974) there was no objection to the improper remarks when made. After the prosecutor's argument was concluded the defendant moved for a mistrial. The court held that the cautionary instruction given in that case was insufficient to eradicate the prejudice resulting from the improper remarks. *United States v. Miller,* 460 F.2d 582 (10th Cir. 1972) held that "timely and forceful intervention by the trial court negated prejudicial error."

In this case the defendant unsuccessfully objected to the first remark concerning the defendant's failure to call witnesses to explain defendant's possession of the necklace. There was no corrective instruction to the jury or admonition to counsel to desist from such an argument. Defendant

**30**

did not object to the second remark concerning the failure to call witnesses nor did the defendant object to the improper remark concerning defendant's failure to testify. However, the three different improper remarks approach the repeated misconduct in *People v. Mirenda,* supra.

In these circumstances we do not consider whether any one of the three improper remarks, standing alone, was reversible error. We consider the cumulative impact of the three remarks. Considered together, in a case where the prosecutor admitted it was not an "open and shut" case and where defendant's knowledge was severely contested, we hold the cumulative impact denied defendant a fair trial. See *State v. Vallejos,* supra.

Oral argument is unnecessary. The judgment and sentence are reversed. The cause is remanded with instructions to grant defendant a new trial.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.