552 P.2d 231

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ralph Gregory PALMER, Defendant-Appellant.**

**No. 2378.**

Court of Appeals of New Mexico.

June 29, 1976.

**330**

Jan Hartke, Acting Chief Public Defender, Bruce L. Herr, App. Defender, Don Klein, Asst. App. Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., F. Scott MacGillivray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of kidnapping contrary to § 40A–4–1, N.M.S.A.1953 (2d Repl.Vol. 6, 1972, Supp.1973) and aggravated assault upon a peace officer contrary to § 40A–22–21, N.M.S.A.1953 (2d Repl.Vol. 6, 1972) defendant appeals asserting five points for reversal: (1) prosecutor's comment on defendant's silence; (2) insanity as a matter of law; (3) change of venue; (4) evidence would not sustain conviction of kidnapping; and, (5) failure to quash indictment on assault charge. We affirm.

*Prosecutor's Comment*

During the state's case in chief, defendant attempted, through cross-examination, to bring in testimony regarding what defendant told the witness about his encounter with a police officer during an event which was unrelated to the present charges. The following colloquy occurred before the jury:

"Prosecutor: Objection. Hearsay.

"Defense: All we're asking is what he told her.

"Prosecutor: Your Honor, what they're doing is putting their entire defense on without this man testifying, and . . .

"Court: Just, just take it easy and don't argue. I understand your objection.

"Defense: I think I might have to move for a mistrial for a comment like that.

"Court: Let's take one thing at a time. I'll sustain the objection.

"Defense: Well, I would like some sort of acknowledgment to the jury that that comment is out of line without the defendant's testimony.

"Court: Go ahead at this time."

Defendant asserts that the foregoing is reversible error under *State v. Miller*, 76 N.M. 62, 412 P.2d 240 (1966); *State v. Leyba*, 89 N.M. 28, 546 P.2d 876 (Ct.App. 1976) and *State v. Jones*, 80 N.M. 753, 461 P.2d 235 (Ct.App.1969). We disagree. We do so on the basis of the record and the context when the remark occurred.

First, what defendant was asking the witnesses to testify to was hearsay. If this was not recognized by the question then it was recognized by his response "All we're asking is what he told her." On this basis, the comment was addressed to the court in a context that was invited by the defense. He cannot now be heard to complain. See *State v. Cruz*, 86 N.M. 455, 525 P.2d 382 (Ct.App.1974); *State v. Sedillo*, 81 N.M. 47, 462 P.2d 632 (Ct.App.1969).

Second, the comment was not a direct and unequivocal reference to the defendant's silence. We cannot say as a matter of law that "this man" referred to the defendant. In the context of the case, at that time, it could also have referred to the police officer. The statement was not a direct reference to the defendant's silence. *Miller*, supra; *Leyba*, supra, and *Jones*, supra, are not applicable.

### Insanity as a Matter of Law

 Defendant contends the trial court should have directed a verdict on the issue of insanity. He does this even though he recognizes that there was evidence to the contrary. This point is without merit. See *State v. Victorian*, 84 N.M. 491, 505 P.2d 436 (1973).

### Change of Venue

 The defense called a broadcaster who testified about the publicity in another recent case of a somewhat similar nature. However, he could not relate that case to the instant case. The point is without merit.

### Evidence of Kidnapping

 Defendant contends the evidence will not sustain a conviction of kidnapping. We disagree.

The evidence as cited by defendant is not all the evidence in the record. The testimony of the mother-in-law is sufficient to show that the individuals were being held as hostages and confined against their will. This point is frivolous.

### Failure to Quash the Indictment on Aggravated Assault

 The morning of trial defendant moved to quash the indictment. He did this on the grounds that he had just learned certain facts from the prosecutor. Defendant had never requested a statement of facts pursuant to Rule 9 of N.M.R. Crim.P. The trial court ruled, among other things, that the motion was not timely filed. Rule 33 of N.M.R.Crim.P. We agree.

Since defendant had not availed himself of the orderly processes set forth in N.M. R.Crim.P. we will not entertain his contention on appeal. The motion was not timely. See *State v. Helker*, 88 N.M. 650, 545 P.2d 1028 (Ct.App.1975).

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and LOPEZ, J., concur.