675 P.2d 1003

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Alvino S. CHACON,**
**Defendant-Appellant.**

**No. 7252.**

Court of Appeals of New Mexico.

Dec. 20, 1983.

Certiorari Denied Jan. 18, 1984.

Thomas J. Horne, P.C., Albuquerque, for defendant-appellant.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

On a Friday evening in downtown Silver City, at a time when traffic was heavy and lots of people were around, defendant and his co-defendant Luna, asked some people on the street where the guns were kept in Colby's Store. These people watched as a plate glass window of Colby's was kicked in. Luna entered the store and handed rifles to defendant through the broken window. Defendant carried the rifles to his car, parked about a block away. Subsequent to handing the rifles to defendant, Luna emerged from the store carrying something wrapped in yellow. The police were called. After being told what had been observed by some of the witnesses, an officer looked through the window of defendant's car and saw the rifles. Upon searching the interior of the car, the police found fifteen handguns wrapped in a yellow jacket. The rifles and handguns had been taken from Colby's. For a prior appeal in this case, see *State v. Luna*, 99 N.M. 76, 653 P.2d 1222 (Ct.App.1982).

Defendant was convicted of aggravated burglary and larceny of firearms. His appeal presents four issues.

■ 1. Defendant complains of the trial court's refusal to suppress, as evidence, the weapons recovered from defendant's car. The State, incorrectly, views this as a non-issue on the basis that only photographs of the weapons were introduced, as evidence, rather than the weapons themselves. We disagree; the issue is properly before us. Defendant's attack upon the seizure of the weapons goes primarily to the wording of Silver City Police Department regulations concerning the impounding of vehicles, and the inventorying of the

contents of the impounded vehicle. We need not concern ourselves with the requirements of an inventory search. The rifles were in plain view through the car windows; there was no search for these weapons, only a seizure. There was a search for whatever had been wrapped in yellow; the police feared it might be ammunition. The police knew that rifles were involved, and were concerned that ammunition was involved. The rifles were in an unlocked car on a public street with lots of people around. There was probable cause to search defendant's car. Exigent circumstances justified the warrantless search. *State v. Ruffino*, 94 N.M. 500, 612 P.2d 1311 (1980).

■ 2. One of the witnesses to the public break-in of Colby's was Arredondo. On the following day Arredondo was at the police station giving a statement to the police. Arredondo was asked to look in the adjoining room "and see if he recognized the individual in the other room." Arredondo identified the individual as the person standing outside Colby's on the preceding evening. Defendant, considering this as a tainted identification, moved to suppress all testimony by Arredondo. He contends the trial court erred in denying the motion. Assuming, but not deciding, that Arredondo's view of defendant was a suggestive identification, the trial court properly denied the motion. The basic question, even with a suggestive identification, is whether Arredondo's identification was reliable under the totality of the circumstances. *State v. Wheeler*, 95 N.M. 378, 622 P.2d 283 (Ct.App.1980). There is nothing suggesting an unreliable identification. Arredondo was one of the persons approached by defendant and Luna, prior to the break-in, and asked where the guns were kept in Colby's. Further, there was really no trial issue concerning the identification of defendant as one of the two persons involved in the break-in.

■ 3. Two days prior to trial, defense counsel moved for a psychological evaluation of defendant's competency to stand trial or, in the alternative, to withdraw as

defendant's counsel. The motion alleged that defendant was unable to understand the nature or gravity of the charges, or assist in his defense, "due to his acute alcoholism." The basis for the motion was stated in an attached letter, from defense counsel to the judge. The letter stated that the case against defendant was overwhelming, that the prosecutor had offered a "relatively good plea bargain", which defendant had refused. The letter stated counsel's opinion that by going to trial defendant was "exposing himself needlessly to a long mandatory prison term." The letter stated that defendant had displayed alcoholic behavior throughout the case and defendant was not aware of his case "because his mind is pickled." Nothing further was presented at the hearing on the motion; it was denied.

On appeal defendant contends the trial court erred in denying his motion for a continuance. A continuance was not directly sought. *See State v. Johnson*, 91 N.M. 148, 571 P.2d 415 (Ct.App.1977). We assume, but do not decide, that a continuance would have been required if the motion for a psychological evaluation had been granted.

The evaluation sought by defense counsel requires "good cause shown". NMSA 1978, Crim.P.R. 35(c) (Cum.Supp.1983). All that was presented was counsel's conclusions as to defendant's competency, and these conclusions were based on defendant's drinking and defendant's refusal to agree to a plea bargain. These conclusions, without more, did not show good cause. *See State v. Sena*, 92 N.M. 676, 594 P.2d 336 (Ct.App.1979); *State v. Hollowell*, 80 N.M. 756, 461 P.2d 238 (Ct.App.1969). *See State v. Armstrong*, 82 N.M. 358, 482 P.2d 61 (1971), for the test of competency.

■ 4. Defendant contends his conviction must be reversed because of a comment by the prosecutor during rebuttal closing argument to the jury. *See* NMSA 1978, Crim.P.R. 40 (Repl.Pamp.1980). The remark was: "[T]he State says this case is not defensible because he had a few drinks. And we're not giving you that, by the way.

We've heard nobody get up and say, 'I was drunk out of my mind.' No-o-o-o." Defendant timely moved for a mistrial on the basis of this remark; the motion was denied. On appeal defendant contends the remark was error because it was an impermissible comment on defendant's failure to testify. Defendant ignores New Mexico decisions on this issue; *see State v. Ramirez*, 98 N.M. 268, 648 P.2d 307 (1982); *State v. Miller*, 76 N.M. 62, 412 P.2d 240 (1966).

Defendant did not testify; the defense called no witnesses. We agree that the "I was drunk" comment can be construed as a comment on defendant's failure to testify. *Compare State v. Turner*, 81 N.M. 571, 469 P.2d 720 (Ct.App.1970). The dispositive question is whether the comment was made in response to defendant's closing argument. *See State v. Paris*, 76 N.M. 291, 414 P.2d 512 (1966); *State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App.1978). In deciding this question we consider the context of the remark. *State v. Palmer*, 89 N.M. 329, 552 P.2d 231 (Ct.App.1976).

In light of the overwhelming evidence as to what occurred and what defendant did, the defense was that defendant was so drunk he lacked the intent necessary to commit the crimes. The jury was instructed on this issue. *See* NMSA 1978, UJI Crim. 41.11 (Repl.Pamp.1982).

In the State's opening argument, the prosecutor referred to this defense of intoxication which negated intent. The prosecutor made a general comment that witnesses testified that defendant was under the influence, but that defendant knew what he was doing. The prosecutor stated that we do not know how much defendant had to drink; that the extent of defendant's intoxication was a factual matter for the jury to decide.

Defendant's closing argument emphasized his defense of intoxication sufficient to negate the required intent. Defendant referred to the intent stated in the instructions necessary for an aider or abettor, and the burden on the State to prove guilt beyond a reasonable doubt. Defendant argued that the critical issue was whether defendant was capable of forming the requisite intent, and the weakness in the State's case was in connection with defendant's intent. This defense argument omitted any reference to specific testimony; reference to testimony was in the form of generalization. Counsel commented that there was no evidence as to how defendant ended up drunk; that defendant was involved physically, but was so intoxicated his physical participation was only in a vague way; that neither defendant nor Luna knew what they were doing; that everybody said defendant was drunk; and the issue was the degree of drunkenness.

In the rebuttal argument, the prosecutor argued that "of course" defendant intended to commit the crimes. In contrast to defendant's general arguments about intent, the prosecutor referred to specific testimony:

(a) The query as to the location of the guns in Colby's prior to the break-in.

(b) The taking of only firearms from the store.

(c) The absence of difficulty in carrying the rifles.

(d) Putting the rifles in his car.

(e) Defendant's disappearance from the scene.

As a peroration to this evidentiary review, the prosecutor made the remark quoted at the beginning of this issue. Absent the "I" in the quoted remark, the peroration was proper argument. *See State v. Aguirre*, 84 N.M. 376, 503 P.2d 1154 (1972). The use of the "I", in the context of the prosecutor's review of specific evidence was in response to and provoked by defendant's generalizations about the extent of defendant's intoxication. The peroration was not reversible error.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and DONNELLY, JJ., concur.