724 P.2d 249

**STATE of New Mexico,
Plaintiff-Appellee,**

**v.**

**Abel NAJAR, Defendant-Appellant.**

**No. 8989.**

Court of Appeals of New Mexico.

July 15, 1986.

Certiorari Denied Aug. 20, 1986.

Paul G. Bardacke, Atty. Gen., Elizabeth Major, Ass't Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Lynne Fagan, Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

FRUMAN, Judge.

Defendant appeals from his convictions for larceny over $100 and burglary. Two issues were raised in the docketing statement. The issue not briefed is deemed abandoned. *State v. Fish,* 102 N.M. 775, 701 P.2d 374 (Ct.App.), *cert. denied,* 102 N.M. 734, 700 P.2d 197 (1985). The remaining issue is whether defendant was deprived of his constitutional rights to due process and effective assistance of counsel in that he was not evaluated to determine his competency to stand trial, his ability to form specific intent, and his sanity at the time of the offenses. We affirm.

### BACKGROUND

Defendant was charged by criminal information with the commission of larceny and burglary on or about March 28, 1985. Prior to arraignment, he filed a motion to stay proceedings pending an adjudication of his competency to stand trial. The motion was granted and an evaluation was attempted by a psychologist in May, 1985. The psychologist, by letter dated May 17, 1985 addressed to the district court, stated that defendant had received five prior forensic evaluations, from 1979 to 1984, and each time was found competent to stand trial. The psychologist reported that, on the present occasion, defendant appeared lucid and in touch with reality, had presented his county jailers with no unusual complaints or problems, and appeared to them to be in touch with reality. However, he had refused to be interviewed, except briefly, or tested by the psychologist, and indicated that he did not like his attorney. The psychologist recommended that defendant be referred to the Las Vegas Medical Center Forensic Unit if, during his next court appearance, he appeared to be genuinely incompetent to stand trial.

The record does not reveal the forum in which the psychologist's letter was considered, but, apparently on the basis of that letter, the cause was remanded to the magistrate court for further proceedings. The order of remand, dated May 29, contains findings that defendant had declined to be interviewed for an evaluation and, on the basis of the prior examinations and evaluations, was presumed to be presently competent. The preliminary examination was held on June 18, 1985, and defendant was bound over for trial.

On July 29, 1985, defendant again moved for an evaluation of his competency to stand trial, as well as for a determination of his ability to form a specific intent and his sanity at the time the crimes were committed. This motion was based upon his counsel's personal knowledge, information and belief that defendant was unable to communicate with him, was guided in this matter by spirit voices, and had remained in isolation during his pretrial incarceration "owing to his behavior." On that same date, defendant also filed notice

542

of his intent to claim insanity and lack of ability to form a specific intent as his defenses.

At the hearing on the motion for an evaluation, defendant's counsel reiterated the reasons set forth in the motion but did not offer any evidence to support the request. The motion was denied because the court could not find justification for believing defendant to be incompetent to stand trial.

On October 24, just prior to the start of trial, defendant again moved for an evaluation of his competency to stand trial, his ability to form specific intent, and his sanity at the time of the offenses. The motion did not provide any substantive reasons for the request, and evidence was not offered to support the request. Once again, the court did not find any reason to believe defendant to be incompetent to stand trial. During trial, defendant did not introduce evidence to support his claim of incompetency or his defenses of insanity or lack of capacity.

**ISSUES**

Defendant argues that he was deprived of due process because his competency to stand trial was not judicially determined, resulting in the inability of his counsel to determine the availability of his intended defenses. The effect of this argument is to raise two distinct claims. The first is that the trial court improperly determined defendant's competency to stand trial. The second is that, without the evaluation defendant sought, his counsel could not determine the availability of the defenses of insanity and lack of capacity. We first address certain relevant differences among these questions of mental condition.

■ A claim of incompetency to stand trial is distinct from both the defense of insanity and the defense of lack of capacity to form a specific intent. A competency determination is governed by NMSA 1978, Crim.P.Rule 35(b) and (c) (Repl.Pamp.1985). *See generally State v. Noble*, 90 N.M. 360, 563 P.2d 1153 (1977). The competency issue is whether a defendant understands the nature and significance of the proceed-

ings, has a factual understanding of the charges, and is able to assist his attorney in his defense. *See* NMSA 1978, UJI Crim. 41.03 (Cum.Supp.1985). The insanity defense concerns a defendant's mental state at the time the offense was committed and is governed by its own procedural rules. *See* Crim.P.Rule 35(a); NMSA 1978, UJI Crim. 41.00 and 41.02 (Cum.Supp.1985); *see generally State v. Murray*, 91 N.M. 154, 571 P.2d 421 (Ct.App.), *cert. denied*, 91 N.M. 249, 572 P.2d 1257 (1977). The defense of an incapacity to form specific intent is governed by Crim.P. Rule 35(e), and proved pursuant to UJI Crim. 41.00 and either 41.10 or 41.11.

■ In reviewing the trial court's determination that there is no reasonable doubt as to defendant's competency to stand trial, the appellate standard is whether there has been an abuse of discretion. *State v. Lopez*, 91 N.M. 779, 581 P.2d 872 (1978); *State v. Noble; State v. Montano*, 93 N.M. 436, 601 P.2d 69 (Ct.App.), *cert. denied*, 93 N.M. 683, 604 P.2d 821 (1979). With respect to the insanity defense, as the supreme court has indicated in *State v. Folk*, 56 N.M. 583, 247 P.2d 165 (1952), the trial court has some discretion in evaluating the substance of the claim. The issue must be raised in good faith and supported by a showing sufficient to create a reasonable doubt as to the sanity of the accused. *Id.; see also State v. Murray*. Defendant's second claim, then, is also reviewed to determine whether the trial court abused its discretion.

**COMPETENCY TO STAND TRIAL**

■ Where a defendant moves for a mental examination to support a claim of incompetency to stand trial, and shows good cause therefor, the court must order the examination before making a competency determination under Crim.P. Rule 35(b) and (c). Here, the first motion for such an exam was granted, and an examination was attempted.

■ With respect to the second and third motions for mental examinations, counsel

made brief statements regarding his observations of defendant's unwillingness or possible inability to communicate with him and help with his own defense, regarding spirit voices guiding defendant, and regarding the pretrial incarceration. Without more, counsel's statements cannot be considered as "good cause shown." *State v. Chacon,* 100 N.M. 704, 675 P.2d 1003 (Ct. App.1983), *cert. denied,* 100 N.M. 631, 674 P.2d 521 (1984). *See State v. Sena,* 92 N.M. 676, 594 P.2d 336 (Ct.App.1979); *State v. Hollowell,* 80 N.M. 756, 461 P.2d 238 (Ct.App.1969).

■ When a claim of incompetency to stand trial is made, it must be established by a preponderance of the evidence. *State v. Armstrong,* 82 N.M. 358, 482 P.2d 61 (1971). When a defendant or his counsel asserts the doubtfulness of that competency, the assertions must be substantiated. *See State v. Chacon; State v. Sena; State v. Hollowell; State v. Hovey,* 80 N.M. 373, 456 P.2d 206 (Ct.App.1969).

■ Defendant was not required to offer the testimony of experts to support his incompetency contentions. If nonexperts had the opportunity to observe him and had knowledge of his mental state, and were thus able to form an opinion as to his competency, their opinions could have been offered and received, and could have formed the basis for a further determination by the court. *See State v. Lujan,* 87 N.M. 400, 534 P.2d 1112 (1975), and the cases cited therein. Defendant did not introduce such testimony, and his counsel's statements did not comprise such testimony. In view of the prior evaluations, defendant's refusal to cooperate during his interview, and the reported observations of his jailers, the trial court did not abuse its discretion in resolving the competency issue.

## INSANITY and LACK OF CAPACITY

■ In criminal cases, there is a presumption that a defendant is sane. *See State v. James,* 83 N.M. 263, 490 P.2d 1236 (Ct.App.1971). Additionally, in this case, the state was required to prove defendant's specific intent as an element of each crime charged. *See State v. Rhea,* 86 N.M. 291, 523 P.2d 26 (Ct.App.), *cert. denied,* 86 N.M. 281, 523 P.2d 16 (1974), as to larceny, and *State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973), as to burglary.

The record discloses that notice of the defenses of insanity and lack of capacity to form a specific intent was given after the time required by Crim.P.Rule 35, but it is silent as to whether good cause was presented to waive the time requirements. Even so, to establish either defense, defendant had the burden of introducing at least some competent evidence to support his claim. *See State v. Luna,* 93 N.M. 773, 606 P.2d 183 (1980); *State v. Lopez; State v. Wilson,* 85 N.M. 552, 514 P.2d 603 (1973); Crim.P.Rule 35(a) and (e); UJI Crim. 41.-00–.02, 41.10–.11. As noted above, even the opinion testimony of nonexperts could have provided the necessary competent evidence. As defendant did not present any evidence to the trial court relating to either defense, we again find no abuse of the trial court's discretion.

The judgment, sentence and commitment are affirmed.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.