794 P.2d 1201

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Carl LUCAS, Defendant–Appellant.**

**No. 11306.**

Court of Appeals of New Mexico.

May 3, 1990.

Certiorari Denied June 19, 1990.

Hal Stratton, Atty. Gen., Margaret B. Alcock, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender and Peter Rames, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant appeals the judgment and sentence entered on his guilty plea of two counts of attempted criminal sexual penetration. On appeal, he raises two issues: (1) whether the trial court erred in refusing to dismiss the charges under SCRA 1986, 5–604, and (2) whether there was sufficient evidence to support the court's determination that defendant was competent to stand trial, plead guilty, and be sentenced. We affirm.

Defendant was arraigned on November 2, 1987. On December 2, 1987, counsel for the defense moved for a mental evaluation to assess defendant's competency to stand trial and aid his attorney in his defense. The trial court issued an order for a mental evaluation on December 8, 1987, and an order on February 29, 1988, vacating the trial set for that same day because the forensic evaluation had not been completed.

A hearing was held on March 31, 1988, where the trial court questioned defendant concerning his guilty plea. The plea agreement had been signed by defendant, his counsel, and the prosecutor on March 31, 1988. At the hearing, the court also questioned defendant and his counsel concerning defendant's competency. Defendant asserted he had no mental problems and he was not taking any medication that would affect his understanding or judgment. Defense counsel stated that things needed to be explained slowly to defendant, but he believed defendant understood the consequences of his plea. Defense counsel also stated the mental evaluations received indicated defendant was competent to enter into the plea.

On June 1, 1988, defendant moved to dismiss the charges under Rule 5–604, and on June 29, 1988, he moved to withdraw his plea based on his incompetency. After a hearing, the trial court entered an order for a sixty-day psychiatric evaluation in July 1988. Further hearings were held on defendant's competency in December 1988, and the court determined defendant was competent. On December 21, 1988, the Repeat Offender Plea and Disposition

Agreement was filed with the signatures of defendant, his counsel, counsel for the state, and the court.

RULE 5–604

■ Under Rule 5–604(B)(7), the trial of a criminal case must commence within six months of the latest of several events. At issue here is the seventh occurrence, "the date the court allows the withdrawal of a plea or the rejection of a plea." Recently, the New Mexico Supreme Court cautioned that Rule 5–604 should not be technically applied to effect dismissals and emphasized the rule is to be applied with common sense. *State v. Mendoza,* 108 N.M. 446, 774 P.2d 440 (1989). In *Mendoza,* the court determined that when a court has suspended proceedings to assess a defendant's competency, six-month period recommences after competency has been determined.

In *State v. Sanchez,* 109 N.M. 313, 785 P.2d 224 (1989), defendant had entered into a plea agreement with the state, which the court ultimately rejected. Defendant asserted the charges should have been dismissed pursuant to Rule 5–604. The court rejected this argument and applied *Mendoza,* determining the time during which a defendant's plea agreement is being assessed suspends the operation of Rule 5–604. In making this determination, the court noted that defendant was unavailable for trial while the plea agreement was being assessed and the delay was for defendant's benefit. In the present case, by entering into the plea agreement, defendant gave up certain rights: "Unless this plea is rejected or withdrawn, the defendant hereby gives up any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter concerning the Court's entry of judgment against him consistent with this agreement."

Defendant seeks to distinguish *Sanchez* by asserting that the parties in *Sanchez* agreed to suspend the proceedings. Our reading of *Sanchez,* however, clearly indicates that the parties, by the act of entering into the plea agreement, implicitly agreed to suspend the proceedings. The same reasoning would apply in this case.

■ In *Sanchez,* the six-month period began from the date of the hearing when the court rejected the plea. *State v. Sanchez;* R. 5–604(B)(7) (six-month period to commence after rejection of plea). Because the plea agreement was accepted by the trial court in the present case, *Sanchez* is distinguishable. Nevertheless, we find it instructive. We read *Sanchez* to hold that the time during which a plea agreement is being assessed suspends the proceedings with regard to Rule 5–604 and the six-month period begins anew after the plea is assessed. When the plea is rejected, the period begins from that date. *State v. Sanchez;* R. 5–604(B)(7). When the plea is accepted, common sense dictates that Rule 5–604 does not apply because no trial is contemplated. Instead, the procedures in accepting the plea are governed by SCRA 1986, 5–304.

The trial court did not err in refusing to dismiss the charges under Rule 5–604. *State v. Sanchez; State v. Mendoza.* We affirm as to this issue.

DEFENDANT'S COMPETENCY

Defendant challenges the sufficiency of the evidence to support the determination that he was competent to stand trial, plead guilty, and be sentenced. It appears from the record, however, that defendant asserted his incompetency only in his motion to withdraw his guilty plea. We therefore restrict our consideration to whether the trial court abused its discretion in refusing to allow defendant to withdraw his guilty plea based on his incompetency. *See State v. Leyba,* 80 N.M. 190, 453 P.2d 211 (Ct. App.1969) (motion to withdraw plea addressed to trial court's discretion).

■ Defendant has asked this court to redetermine the facts based on what he asserts is the documentary evidence before this court. The trial court held several hearings concerning defendant's competency and approximately nine witnesses testified in person at those hearings. The fact that this live testimony was transcribed into printed form does not render the evidence documentary. *Cf. Maestas v. Martinez,* 107 N.M. 91, 752 P.2d 1107 (Ct.App.

1988) (documentary evidence concerned description in deeds). We will not reweigh this evidence.

■ Defendant asserts this court should adopt a standard of competency to enter a guilty plea that is higher than the standard of competency to stand trial. *See Sieling v. Eyman*, 478 F.2d 211 (9th Cir. 1973). *See also United States v. Moore*, 599 F.2d 310 (9th Cir.1979), *cert. denied*, 444 U.S. 1024, 100 S.Ct. 687, 62 L.Ed.2d 658 (1980). The standard to determine competency to stand trial in New Mexico requires an inquiry into the defendant's understanding of the nature and significance of the proceedings, his factual understanding of the charges, and his ability to assist in his defense. *State v. Najar*, 104 N.M. 540, 724 P.2d 249 (Ct.App.1986). *See also* SCRA 1986, 14–5104. A defendant must understand the nature of the charges, the potential penalties, and his waiver of constitutional rights before a trial court can accept a guilty plea. *See* SCRA 1986, 5–303(E) (Cum.Supp.1989). *See also Neller v. State*, 79 N.M. 528, 445 P.2d 949 (1968) (a defendant must know the consequences of his plea). The plea must also be voluntary. R. 5–303(F).

■ Defendant seems to argue a higher standard is appropriate because a defendant is waiving significant constitutional rights by pleading guilty and the plea must be voluntarily and intelligently made. Insofar as defendant relies on cases determining the voluntariness of confessions, we do not find these cases persuasive. *See State v. Martinez*, 92 N.M. 256, 586 P.2d 1085 (1978) (distinguishing proceedings to determine voluntariness of confessions and guilty pleas based on safeguards available when the defendant appears before impartial magistrate compared to extrajudicial settings in which confessions are usually made). We recognize that a guilty plea must be voluntarily and intelligently made and these considerations bear on a defendant's mental condition. *See* II C. Torcia, *Wharton's Criminal Procedure* § 339 at 229 (12th ed. 1975). Nevertheless, we are not persuaded the standard to determine competency should differ from that to stand trial.

The Ninth Circuit has adopted a standard of competency to plead guilty based on whether a defendant's ability to make a reasoned choice among alternatives presented to him is substantially impaired. *Sieling v. Eyman; De Kaplany v. Enomoto*, 540 F.2d 975 (9th Cir.1976), *cert. denied* 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977). The Ninth Circuit has continued to apply this higher standard despite criticism that it recognizes a state of semi-competency to stand trial while denying a defendant the opportunity to plea bargain.

Unlike the Ninth Circuit, most other courts have applied the same test to determine competency to stand trial and to enter a guilty plea. *See generally* II C. Torcia, at § 339 (Cum.Supp.1989); Annot., *Compliance With Federal Constitutional Requirement That Guilty Pleas Be Made Voluntarily and With Understanding, in Federal Cases Involving Allegedly Mentally Incompetent State Convicts*, 38 A.L.R.Fed. 238 § 5 (1978). The Tenth Circuit has applied the same standard to determine competency to plead guilty as to competency to stand trial. *See, e.g., Wolf v. United States*, 430 F.2d 443 (10th Cir.1970). *See also Malinauskas v. United States*, 505 F.2d 649 (5th Cir.1974). We are not persuaded that the standard to determine competency to enter a guilty plea should be different from the standard to determine competency to stand trial.

■ We therefore consider the evidence to determine whether the trial court abused its discretion in refusing to allow defendant to withdraw his plea. In doing so, we hold that the trial court did not err in applying the same standard to defendant as would have been appropriate in determining his competency to stand trial. That standard involves: (1) his understanding of the nature and significance of the proceedings, including his understanding of the consequences of his plea and the waiver of constitutional rights; (2) his factual understanding of the charges; and (3) his ability to assist in his defense.

Although defendant presented several witnesses who questioned defendant's competency on some or all of these factors or stated that defendant was clearly incompetent to stand trial or enter a guilty plea, there was testimony that defendant knew what the charges were, understood the consequences of his plea, and was able to assist in his defense. It was generally agreed that defendant had a hearing problem, was of borderline intelligence, and needed special assistance in having matters explained to him. These facts, however, do not establish an abuse of discretion in light of the testimony that defendant was selective in what he told people, his memory loss could be attributed to avoidance, and once defendant heard something and was able to process it, he could remember it. More importantly, there was conflicting expert testimony on the critical issue of defendant's ability to understand what was happening and to assist his counsel. Under these circumstances, we will defer to the fact finder's determination.

At the hearing on the guilty plea, the trial court questioned defendant about his understanding of the waiver of his constitutional rights by pleading guilty, as well as the other requirements of Rule 5–303, and defendant responded affirmatively. As noted above, defendant's counsel at the March 31 hearing also stated his personal opinion that defendant was competent, and the reports he had received also indicated defendant was competent. Insofar as defendant would have this court reweigh the evidence by considering the environments in which the various experts saw defendant and the various tests administered to defendant, we decline to do so. The trial court is to weigh the evidence. *State v. Bloom*, 90 N.M. 192, 561 P.2d .465 (1977).

It is clear from the trial court's comments that it considered the testimony of all the witnesses at the hearings in July and December 1988, as well as the responses of defendant and his counsel, and its own observations at the plea hearing on March 31. Insofar as defendant questions the credibility of or the weight to be given the trial court's recollections of the March hearing, we find this argument to be wholly without merit. We find no abuse of discretion in the trial court's determination that defendant was competent and in refusing to allow the withdrawal of his plea.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

MINZNER and CHAVEZ, JJ., concur.