This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 30,055**

**DOMINIC MONTOYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals the revocation of his probation claiming that he was entitled to a continuance so that his competency could be determined. [DS 5] We proposed to affirm in a notice of proposed summary disposition, and Defendant has filed a

timely memorandum in opposition. Remaining unpersuaded by Defendant's memorandum, we affirm the revocation of his probation and imposition of his sentence.

The record and memorandum in opposition indicate that after initially moving to revoke Defendant's probation based on an indictment for first degree murder and battery on a peace officer, the State filed an addendum on May 26, 2009, alleging that Defendant had been convicted of battery on a peace officer by a jury on April 20, 2009. [MIO 2; RP 146 CR 97-03704)] The State filed a second addendum on June 16, 2009, stating that Defendant had been convicted of three counts of armed robbery on June 11, 2009. [MIO 2; RP 151]

At the revocation hearing on July 23, 2009, Defendant sought a continuance claiming that he had suffered a heart attack about six weeks prior to the hearing, and that two weeks prior to the hearing, defense counsel had been told by prison officials that Defendant was "in no shape to make decisions and [cannot] speak yet." [MIO 3; DS 4] Defendant's counsel also informed the court that competency had been raised in the armed robbery cases involving Defendant, and as recently as March 2009 Defendant's counsel in the first degree murder case had indicated that he intended to raise an insanity defense. [MIO 2; DS 4] Based upon these assertions, Defendant's counsel claimed to have raised a competency issue and asked for a continuance so

Defendant could be evaluated for competency to proceed in the probation revocation proceeding. [MIO 3; DS 4]

In response to Defendant's request, the prosecution noted that Defendant had stipulated to competency in the armed robbery cases and that he had been tried and convicted of those charges on June 11, 2009. [MIO 2-3; DS 4; RP 151] After hearing from both parties, the district court found insufficient evidence of incompetency to grant a continuance to obtain a competency evaluation. [DS 5] Defendant states that the court informed his counsel that, had there been a trial, he would have continued the matter, but since this involved a probation violation, he would deny the request. [MIO 3]

Defendant claims that the district court abused its discretion when it refused to suspend the proceedings to allow a determination of Defendant's competency. [MIO 3-7] We disagree.

As discussed in our previous notice of propose summary disposition, in a revocation proceeding, the state bears the burden of establishing a probation violation with reasonable certainty. *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. To satisfy its burden, the state must introduce proof which would incline "a reasonable and impartial mind" to believe that the defendant violated the terms of probation. *Id.* (internal quotation marks and citation omitted). Therefore, the

issue is whether Defendant was sufficiently competent to participate in the revocation proceeding and to attempt to rebut the State's showing of the violation. *See State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct. App. 1989) ("Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance.").

It is Defendant's burden to establish his incompetency by a preponderance of the evidence and "[w]e review the district court's ruling as to [the d]efendant's competency for an abuse of discretion." *State v. Garcia*, 2000-NMCA-014, ¶ 20, 128 N.M. 721, 998 P.2d 186; *see* Rule 5-602(B)(2) NMRA (stating that the issue of whether a defendant is competent to stand trial "shall be determined by the judge, unless the judge finds there is evidence which raises a reasonable doubt as to the defendant's competency to stand trial"). In our previous notice, we proposed to hold that the district court did not err in finding Defendant competent to participate in the probation revocation proceeding. We noted that Defendant was apparently competent enough to be tried for armed robbery in the month prior to the probation revocation hearing. [DS 4; RP 151] Furthermore, we noted that the only issue appeared to be the validity of Defendant's conviction for battery upon a peace officer and that the prosecution presented a certified copy of the judgment and sentence for that offense. Therefore, we proposed to hold that the district court needed only to find Defendant

4

sufficiently competent to participate in what appeared to be a straight-forward revocation proceeding by introducing any available evidence suggesting that he was not the person convicted of battery upon a peace officer. *See State v. Phillips*, 2006-NMCA-001, ¶ 17, 138 N.M. 730, 126 P.3d 546 (stating that the district court's finding of a probation violation must be based on verified facts). There is nothing in the record or Defendant's memorandum in opposition suggesting the he raised a credible question of fact as to whether he was sufficiently competent to participate in the probation revocation proceeding.

We agree with Defendant's claim in his memorandum in opposition that he has a right not to be tried while incompetent. [MIO 3-6] Moreover, for purposes of this opinion, we will assume that Defendant has a due process right to be able to understand and to participate in a revocation proceeding. [MIO 6-7]

However, we disagree that the district court's actions in this case deprived Defendant of any due process right regarding competency to participate in the revocation proceeding because he has failed to show that there was good cause to question his competency or to require an evaluation. [MIO 3-5] *See State v. Herrera*, 2001-NMCA-073, ¶ 31, 131 N.M. 22, 33 P.3d 22. As Defendant acknowledges, a question as to his competency is not raised by the assertion of that issue, even if that assertion is in good faith. *Id.* ¶ 33; *see State v. Flores*, 2005-NMCA-135, ¶ 29, 138

N.M. 636, 124 P.3d 1175 (stating that "a court may consider defense counsel's observations and opinions, but that those observations and opinions alone cannot trigger reasonable doubt about the defendant's competency"). Moreover, Defendant does not claim that the request for a continuance was accompanied by affidavits or any other documentary evidence that could "substantiate his claim of incompetency." *Herrera*, 2001-NMCA-073, ¶ 34; *see Flores*, 2005-NMCA-135, ¶ 31 (noting that, in support of a claim of incompetency, "a defendant could offer an affidavit from someone who has observed the defendant and formulated an opinion about his or her competency, such as a corrections officer or defense counsel's paralegal").

Therefore, "we cannot say that the [district] court abused its discretion in determining that there was not good cause to order a mental examination. Nor did the [district] court err in failing to hold an evidentiary hearing on [the d]efendant's competency." *Herrera*, 2001-NMCA-073, ¶ 34; *see State v. Najar*, 104 N.M. 540, 543, 724 P.2d 249, 252 (Ct. App. 1986) (stating that "[w]hen a claim of incompetency to stand trial is made, it must be established by a preponderance of the evidence [and w]hen a defendant or his counsel asserts the doubtfulness of that competency, the assertions must be substantiated" (citation omitted)).

**CONCLUSION**

In conclusion, we are not persuaded that Defendant was deprived of due process by the district court's failure to grant a continuance so that Defendant's competency could be established. For the foregoing reasons as well as those set forth in our notice of proposed disposition, we affirm the revocation of Defendant's probation and the imposition of his sentence.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**