585 P.2d 651

STATE of New Mexico,
Plaintiff-Appellee,

v.

Clemente RAMIREZ,
Defendant-Appellant.

No. 3531.

Court of Appeals of New Mexico.

Oct. 3, 1978.

John B. Bigelow, Chief Public Defender, Martha Daly, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant's appeal involves a question of venue. He has been convicted of ten counts of CSP II (criminal sexual penetration in the second degree) perpetrated by the use of force or coercion which results in personal injury to the victim. He has also been convicted of one count of kidnapping.

Five of the CSP offenses involve fellatio; five involve anal intercourse. The victim of these events was a hitchhiker. Defendant and two companions picked up the hitchhiker in El Paso, Texas and drove north on the interstate highway to Albuquerque. There is no claim that venue, in Bernalillo County, was improper for the kidnapping offense and the last four CSP offenses. Defendant's claim is that the first six CSP offenses (3 fellatio and 3 anal intercourse) did not occur in Bernalillo County and trial in Bernalillo County as to these six offenses was improper. He relies on N.M.Const., art. II, § 14 and § 40A-1-15, N.M.S.A.1953 (2d Repl. Vol. 6) which provide that a defendant has a right to trial in the county where the crime was committed. *State v. Lopez*, 84 N.M. 805, 508 P.2d 1292 (1973).

Immediately prior to trial, defendant sought dismissal of the "counts . . . that did not occur in Bernalillo County," claiming improper venue. Denial of this motion is asserted to be error. The State asserts this issue is not before us for review. The State contends that the motion, made immediately prior to trial, was untimely under Rule of Crim.Proc. 33(f). On the basis of the claimed untimeliness, the State argues that the venue question was waived. Compare *State v. Lopez*, supra. The State's argument disregards the proceedings before the trial court. Defendant's motion was not denied as untimely; the trial court denied the motion on the merits. See *State v. Hogervorst*, 90 N.M. 580, 566 P.2d 828 (Ct. App.1977). The venue question is before us for decision.

208

In denying defendant's venue motion, the trial court pointed out that the question had already been argued. "And I think this is one of those continuing offenses, part of which occurred out of the County and part of which occurred in the County, at least that's the representation of the State." That the parties and the court were relying on a prior hearing is shown by the prosecutor's response. The prosecutor stated: "That's correct, your Honor. And we further stated in our argument to the Court that the venue statute has been interpreted to mean that if a material element of the offense has occurred within Bernalillo County that was sufficient for venue purposes." The court then stated: "And there was also a problem about this defendant not being able to testify when he passed the County line or so on."

The prior venue motion was filed by a co-defendant. The motion was heard, and denied, before a nolle prosequi was entered in connection with the charges against the co-defendant. This motion relied on the victim's written statement, which was before the court as an attachment to still another motion of the co-defendant. The factual basis for both the co-defendant's and the defendant's venue motions was this statement. The question is whether the facts in the victim's statement support the trial court's decision. *Rodriguez v. State*, 91 N.M. 700, 580 P.2d 126 (1978). We add, however, that the trial testimony, insofar as it pertains to venue, is not materially different from the victim's written statement.

The victim's statement, which is uncontradicted, identifies two of the CSP offenses (first fellatio and first anal intercourse) as occurring at a "pressure dam", identifies two CSP offenses (second fellatio and second anal intercourse) as occurring when the car overheated on Highway I–25, and identifies two CSP offenses (third fellatio and third anal intercourse) as occurring at the time of the "second flat tire". The victim's statement is to the effect that these six sex acts occurred south of Socorro, New Mexico. The State does not contend to the contrary; rather, the State recognizes that the acts on which the first six

CSP offenses are based occurred outside of Bernalillo County. Not only did the acts occur outside of Bernalillo County, the acts occurred before defendant and the victim arrived in Bernalillo County in the course of the trip which originated in El Paso, Texas.

Contending that a Bernalillo County venue was proper for the first six CSP offenses, the State relies on § 40A–1–15, supra, which provides that trial may be held in any county in which a material element of the crime was committed. *State v. Wise*, 90 N.M. 659, 567 P.2d 970 (Ct.App.1977).

Section 40A–9–21, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1975) defines CSP as "the unlawful and intentional causing of a person . . . to engage in . . . fellatio or anal intercourse". If this offense is "perpetrated . . . by the use of force or coercion which results in personal injury to the victim", § 40A–9–21(B), supra, it is a second degree felony. There is no claim that the fellatio and anal intercourse did not occur. There is no claim that the acts of fellatio and anal intercourse were other than by force or coercion resulting in personal injury to the victim. The State's claim is that the force or coercion that defendant used was a "continuing element"; that "[t]his same force continued throughout all of the incidents of fellatio and anal intercourse until the victim was able to escape from Defendant in Albuquerque." We disagree.

■ "Perpetrated" in § 40A–9–21, supra, means "accomplished"; "performed"; "committed". See "perpetrate" in Webster's Third New International Dictionary (1966); *People v. Harrison*, 176 Cal.App.2d 330, 1 Cal.Rptr. 414 (1960). What was accomplished by the use of force or coercion? Specifically, the fellatio and anal intercourse; generally, the CSP offense. Compare *State v. Kraul*, 90 N.M. 314, 563 P.2d 108 (Ct.App.1977).

■ Rape is not a continuing offense. *Peterson v. State*, 116 Neb. 268, 216 N.W. 823 (1927). Neither is CSP. When the CSP was perpetrated, that CSP was a completed offense. The State's "same force" argu-

ment is a contention that none of the CSP offenses were completed before reaching Bernalillo County. A similar contention was made by the State, and rejected by this Court, in *State v. Thoreen*, 91 N.M. 624, 578 P.2d 325 (Ct.App.1978). The fallacy of the State's contention is in failing to recognize that once the fellatio and anal intercourse occurred, in a manner set out in § 40A-9-21, supra, the CSP offense was complete. The force used to commit fellatio A or anal intercourse A did not continue *as to those acts* after that fellatio or that anal intercourse was accomplished.

The only showing is that the first six CSP offenses were completed before reaching Bernalillo County. Being completed offenses, no material element of those crimes was committed in Bernalillo County. In so holding, we have not overlooked the venue problem when a continuing series of sex offenses are committed in different counties and only one offense is charged. See *State v. Overman*, 269 N.C. 453, 153 S.E.2d 44 (1967). That is not the situation here. Defendant was charged with an offense for each of his sex activities with the victim; defendant recognizes that charges for each of the activities was proper. See *State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977).

The State seeks to avoid our holding. Our answers to these efforts follow:

(a) New Mexico does not have a venue statute applying to in-transit crimes, such as the statute discussed in *People v. Bradford*, 17 Cal.3d 8, 130 Cal.Rptr. 129, 549 P.2d 1225 (1976). Nor does New Mexico have a statute providing for venue when it cannot be determined in which county a material element of the crime was committed.

(b) The State contends that venue in Bernalillo County should be considered proper for all the charges in order to avoid harassment of the defendant. This overlooks the fact that defendant is not claiming harassment, but is claiming his right to be tried in the county where the crime was committed.

(c) The State asserts that even if venue in Bernalillo County was improper, no substantial right of defendant was violated and no reversible error occurred. This overlooks the rights, which we deem substantial, conferred both by the Constitution and a statute. See the citations in the second paragraph of this opinion.

(d) The argument that the denial of defendant's motion was simply a discretionary ruling of the trial court ignores the rights conferred by the Constitution and statute.

Because defendant's venue motion as to the first six counts should have been granted, the judgment and sentences as to those six counts are reversed. The judgment and sentences as to the last four CSP offenses and the kidnapping offense are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.