675 P.2d 418

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Marion A. PRUETT,
Defendant-Appellant.**

**No. 14912.**

Supreme Court of New Mexico.

Jan. 31, 1984.

Paul Bardacke, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Martha A. Daly, Rothstein, Bailey, Bennett & Daly, Santa Fe, for defendant-appellant.

**OPINION**

WALTERS, Justice.

Defendant, convicted of first degree murder and sentenced to life imprisonment, raises two issues on appeal: (1) Whether the trial court's denial of a continuance was an abuse of discretion; and (2) Whether the confession given by defendant to a Jackson, Mississippi, police officer should have been suppressed. We affirm.

1. Defendant was arraigned on September 14, 1982, at which proceeding he announced that he would represent himself with assistance from the public defender. Trial was set for December 13th. At a continuance motion hearing on December 7th, a conflict appeared and the trial court directed appointment of new counsel. In January another continuance was requested, and the trial date was set for February 7, 1983.

Defendant contends that the State's extended witness list, many whose addresses or telephone numbers were not shown on the list, made it impossible for defendant to find and interview all of the anticipated witnesses in the time between appointment of counsel and date of trial. Additionally, the name of the Crimestoppers informant was not known, and defendant argues that because he was unable to track down the informant, he was denied the opportunity to impeach the State's principal witness, Bill Sherman, who was named by the Crimestoppers informant as the murderer.

Defendant also claims that the time constraint prevented him from discovering information contained in FBI reports and documents of the federal witness protection program until after the verdict was returned. All of those incidents contributed, says defendant, to a denial of his right to adequately prepare his defense, in contravention of the Sixth Amendment and of N.M.Const. art. II, § 14.

The State's witnesses for whom addresses and telephone numbers were not provided were not called to testify. Defendant asserts that their mere listing "establishes their involvement in some aspect of the case" and, therefore, information from any of them "could" have benefited his defense. But, as in *State v. Perez*, 95 N.M. 262, 620 P.2d 1287 (1980), no one had the slightest notion when or whether these witnesses would have been located or made available for trial testimony. *Perez* indicates that continuance for a "reasonable" time to find a witness is not improper. With eight weeks between the time counsel was appointed and the date of trial, and no assurance that locating the witnesses was imminent or that their information would assist the defense, we cannot say that the court abused its discretion in refusing a continuance on that ground.

■ With regard to the information sought from federal records, it appears that defendant in January, 1983, requested some material through the Freedom of Information Act that was not forthcoming. On February 2, 1983, at defendant's request, the trial court signed an order directing the U.S. Marshal to produce certain files for inspection on February 7th. On February 8th, the U.S. Attorney appeared in court and advised that defendant's subpoenaes did not comply with federal regulations. Two days after the verdict was received, and following compliance with the federal requirements, the requested documents were delivered to the court. The FBI records were made available to counsel but were not included in the record on appeal; the others were sealed by the court.

The above summary discloses the lack of due diligence exercised by defendant in attempting to obtain the federal records. *See Perez.* Whether defendant was prejudiced by his inability to review the sealed federal documents before the trial ended is a matter of pure speculation but, in any event, it was failure to follow proper procedure that delayed their delivery. We note, also, that denial of his motion for a new trial, at which hearing the FBI records were cited, is not appealed. We can therefore assume that the FBI documents presented at that hearing were insufficient to persuade the trial court that they contained newly discovered material evidence or that their absence caused unfairness in the first trial.

■ The grant or denial of a motion for continuance based on absence of evidence rests in the sound discretion of the trial court. *State v. Brewster*, 86 N.M. 462, 525 P.2d 389 (Ct.App.1974). Defendant has the burden not only of showing an abuse of that discretion, but that it was to his injury or prejudice. *State v. Nieto*, 78 N.M. 155, 429 P.2d 353 (1967). No such showing was made in the instant case.

■ 2. Defendant's attack on the admissibility of his confession to Mississippi authorities is grounded in his claim that he would have done or said anything to obtain cocaine and that he had been promised a supply of the drug if he would confess. His version of the confession circumstances differed in that respect from other evidence

received by the trial court. The Mississippi officer testified that defendant had been read his rights; that he told the officers that he knew his rights better than they did; that he refused to sign a waiver but, nevertheless, he did confess to commission of several crimes, including the one he was tried for. The court believed the officer's version, thus resolving the conflict in the evidence against defendant after a full hearing on its voluntariness. *State v. Armstrong,* 82 N.M. 358, 482 P.2d 61 (1971). There was evidence to support the trial court's determination of admissibility.

*State v. Ramirez,* 89 N.M. 635, 556 P.2d 43 (Ct.App.1976).

The defendant's conviction is AFFIRMED.

RIORDAN and STOWERS, JJ., concur.