734 P.2d 231

**Alfred Wayne MARCH, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 16691.**

Supreme Court of New Mexico.

March 9, 1987.

Rehearing Denied March 25, 1987.

454

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Public Defender, Santa Fe, for petitioner.

Hal Stratton, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

WALTERS, Justice.

Defendant was convicted of burglary, and he appealed. The court of appeals affirmed his conviction; we granted certiorari. We reverse the court of appeals on the issue of abuse of discretion in the trial court's denial of a continuance which allegedly deprived defendant of his right to present a meaningful defense. We affirm the court of appeals on the remaining issues.

This was defendant's second trial, his previous conviction having been reversed and a new trial granted. Upon remand, an attorney from the public defender's office entered an appearance as new defense counsel, on March 4, 1986. The new trial was scheduled for April 3, 1986. On April 2nd, defense counsel moved for a continuance to permit a forensic evaluation to determine whether or not defendant had the viable defense of lack of capacity to form a specific intent. Incapacity had not been

raised by defendant's previous counsel in the first trial.

The State, in its response to defendant's petition for certiorari, asserts that "[d]efendant's motion for a continuance was late and correctly denied on that basis alone."

As in the case of *State v. Ramirez*, 92 N.M. 206, 585 P.2d 651 (Ct.App.1978), the State ignores the fact that the trial court denied the motion on the merits, not because it was untimely. In ruling on defendant's request, the judge remarked:

> Well, my brief impression of this case from reading the Memorandum Opinion from the court of appeals is that ... well, I can understand how this issue would have gone past the previous defense counsel because I did not see any indication that there was some reason to be concerned that the defendant was not in full possession of his faculties at the time this earlier offense occurred. I think under the circumstances I am going to deny the motion for continuance
> * * *

■ The State also claims that there is "not a suggestion of merit" to defendant's claim. We disagree. Defendant's medical records from an earlier period of confinement had been received by new defense counsel between the time of counsel's appointment and the filing of the motion for continuance. Those records reflected that in 1982 and 1983 defendant had suffered uncontrollable behavioral outbreaks and undifferentiated schizophrenia, and had been treated with Thorazine to control his conduct. Evidence presented at the continuance hearing disclosed that defendant also suffered from hypoglycemia, and just three months before the scheduled trial date he had undergone surgery for removal of a cancerous brain tumor. The medical records are sufficient to suggest that defendant might have had the tumor at the time he committed the offense charged. Because of the recent surgery and doctor's appointments outside of the penitentiary, defendant had had difficulty in scheduling a psychiatric evaluation with the penitentiary psychiatrist; consequently, there had been no recent forensic evaluation of defendant.

■ The presumption in criminal cases is that the defendant is sane, *see, e.g., State v. Najar*, 104 N.M. 540, 724 P.2d 249 (Ct. App.), *cert. denied*, 104 N.M. 460, 722 P.2d 1182 (1986), and to establish the defense of lack of capacity to form a specific intent, the defendant has the burden of introducing some evidence to support that defense. *Id.*

■ By denying the motion for a continuance, the trial court denied the defendant the opportunity to introduce some competent evidence, at the same time denying the opportunity for an examination. In offering defendant's past medical records to the trial court at the motion hearing, the defendant attempted to demonstrate that there was a sufficient basis for his motion. The State suggests that it was "an eleventh hour" request for continuance, and so it was. But the "eleventh hour" within the context of less than 30 days' trial preparation time for personnel of an already overburdened public defender's office, is not really meaningful if the claim is intended to suggest unwarranted delay or something equally opprobrious.

■ While it is true that a denial of a motion for continuance rests in the sound discretion of the court, and the defendant has the burden of showing an abuse of that discretion, *State v. Pruett*, 100 N.M. 686, 675 P.2d 418 (1984), it is also true that the defendant has a fundamental, constitutional right to due process of the law. U.S. Const. amend. XIV, § 1; N.M. Const. art. II, § 18. The due process right carries with it the right to a reasonable amount of time to prepare a defense and, when the issue of incapacity has been fairly raised, to have "a psychiatric examination ... provided at public expense, coupled with the right to compulsory process for the attendance of necessary witnesses." *State v. Webb*, 67 N.M. 293, 297, 354 P.2d 1112, 1114 (1960), *cert. denied*, 365 U.S. 804, 81 S.Ct. 470, 5 L.Ed.2d 461 (1961). To deny those rights is more than an abuse of the trial court's discretion; it is a denial of due process. *See State v. Sain*, 34 Wash.App. 553, 663 P.2d 493 (1983).

■ The trial court not only overruled defendant's motion for continuance so that a forensic evaluation could be made; it also ruled that defendant's doctor could not be subpoenaed to authenticate medical records made by him, nor would the medical records be admissible at trial. On the other hand, the court granted the State's motion to exclude any reference to schizophrenia and the brain tumor. The end result of the trial court's rulings was to completely deprive defendant of any potential defense of incapacity.

■ The State urges us to accept the argument that defendant was not prejudiced by the court's rulings. Denial of a likely defense cannot be anything other then prejudicial. A basic tenet of American jurisprudence is that a defendant is entitled to a fair trial with the right to appear and defend himself. U.S. Const. amend. XIV, § 1; N.M. Const. art. II, §§ 14, 18. Moreover, the prejudice which must be raised in a case such as this is minimal. "No more prejudice need be shown than that the trial court's order may have made a potential avenue of defense unavailable to the defendant." *State v. Orona*, 92 N.M. 450, 452, 589 P.2d 1041, 1043 (1979). The *Orona* standard accords with both the federal and the state constitutional requirements.

■ In deciding whether denial of a continuance violates due process, an appellate court looks to the circumstances of each case as those circumstances appear from the reasons presented to the trial judge at the time the request was made and denied. *People v. Crovedi*, 65 Cal.2d 199, 204–05, 53 Cal.Rptr. 284, 289–90, 417 P.2d 868, 873–74 (1966) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964)). Failure to grant a continuance here to allow the defendant a reasonable time to prepare and present a defense, *see People v. Courts*, 37 Cal.3d 784, 210 Cal.Rptr. 193, 693 P.2d 778 (1985); denial of his rights to subpoena witnesses and to have medical records produced; and granting the State's motion to suppress any evidence going to defendant's mental or physical condition, invaded defendant's

constitutional rights to due process and a fair trial.

The defendant's conviction is reversed and this case is remanded for a new trial.

IT IS SO ORDERED.

SOSA, Senior Justice, and Ransom, J., concur.

SCARBOROUGH, Chief Justice, dissenting.

I respectfully dissent.

I agree with the panel of the Court of Appeals that the trial court did not err in denying the motion for continuance. The grant or denial of a motion for continuance rests in the sound discretion of the trial court. *State v. Pruett*, 100 N.M. 686, 675 P.2d 418 (1984). The trial court does not abuse its discretion when it denies a motion for continuance which is based upon speculation and conjecture concerning what might turn up upon further investigation. Moreover, defense counsel received defendant's medical records three to four weeks prior to trial but did not request a continuance until the day before trial.

STOWERS, Justice, dissenting.

I dissent.

I concur in the dissent filed by Chief Justice Scarborough and further with the opinion filed by the Court of Appeals and request that the Court of Appeals' opinion be filed in its entirety as a further part of my dissent.