# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                               **NO. 28,490**

**JOSEPH P. DOWNS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**John M. Paternoster, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals his convictions for careless driving, failure to stop upon accidents involving damage, failure to give information, and failure to report accidents

immediately. [RP 54-55] We issued a calendar notice proposing to summarily affirm on October 16, 2008. [Ct. App. file-blue clip] Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement. After due consideration, we remain unpersuaded by Defendant's various assertions of error. We therefore affirm.

We will begin with Defendant's motion to amend the docketing statement, by which Defendant seeks to assert that he received ineffective assistance of counsel and that the evidence was insufficient to support his conviction for careless driving. [MIO 1, 8-12] With respect to Defendant's claim of ineffective assistance of counsel, we deny the motion to amend the docketing statement on the ground that the record before us is insufficient. There is a two-fold test for proving ineffective assistance of counsel: the defendant must show that the counsel's performance fell below that of a reasonably competent attorney and that the defendant was prejudiced by the deficient performance. *See State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the defendant to prove both prongs. *Id.* In his motion to amend, Defendant claims that his counsel refused to listen to him and was not aware of relevant statutes and case law. However, there is nothing in the record to support these assertions. Defendant also claims that he was prejudiced by his counsel's failure to subpoena Ralph Nuno as a witness. However, as discussed more

below, we do not believe that Defendant has established that he was prejudiced by the absence of Nuno as a witness. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). We are therefore not in a position to consider the claim of ineffective assistance of counsel. *See State v. Powers*, 111 N.M. 10, 12, 800 P.2d 1067, 1069 (Ct. App. 1990) (holding that an insufficient factual basis precludes appellate review of a claim of ineffective assistance of counsel). We note, however, that Defendant may pursue habeas proceedings as a more appropriate mechanism for obtaining review. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]"); *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.").

Defendant also argues that the evidence was not sufficient to convict him of careless driving. [MIO 8-10] However, Defendant has not presented a sufficient recitation of the testimony of the witnesses and evidence against him at trial for us to evaluate his claim that the evidence was not sufficient. *See* Rule 12-213(A)(3) NMRA ("A contention that a verdict, judgment or finding of fact is not supported by

substantial evidence shall be deemed waived unless the summary of proceedings includes the substance of the evidence bearing upon the proposition.").  For these reasons, we determine that the issues Defendant seeks to raise in his motion to amend the docketing statement are not viable and we deny the motion. *See State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989) (stating that issues sought to be presented in a motion to amend the docketing statement must be viable), *superseded by rule on other grounds as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). We now turn to Defendant's other issues.

Defendant argues that the district court erred in refusing to grant him a continuance to secure the presence of Nuno.  [MIO 4-5]  "The grant or denial of a continuance is within the sound discretion of the trial court, and the burden of establishing abuse of discretion rests with the defendant."  *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135.  "Defendant must establish not only an abuse of discretion, but also that the abuse was 'to the injury of the defendant.'" *Id.* (quoting *State v. Nieto*, 78 N.M. 155, 157, 429 P.2d 353, 355 (1967)).

> There are a number of factors that trial courts should consider in evaluating a motion for continuance, including the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and the court, the legitimacy of the motives in requesting the delay, the fault of the movant in causing a need for the delay, and the prejudice to the movant in denying the motion.

4

*State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20.

Defendant argues that Nuno's testimony was critical to the defense. Defendant represents that Nuno would have testified that another driver was "driving like an idiot" and that he caused the near accident. [MIO 3] However, Defendant makes no argument and gives us no information regarding the other *Torres* factors. Additionally, it appears that Nuno's testimony would have been cumulative of the testimony of Defendant and his other witnesses. Under these circumstances, we see no basis for determining that the district court abused its discretion in denying Defendant's motion for a continuance.

We also reject Defendant's argument that the trial court's denial of a continuance denied him his rights to compulsory process, a fair trial, and due process of law under the state and federal constitutions. [MIO5-6] There is no indication that any state constitutional claims were preserved, and we therefore do not address them. *Cf. State v. Gomez*, 1997-NMSC-006, ¶¶ 22-23, 122 N.M. 777, 932 P.2d 1 (discussing requirements for preserving state constitutional claims for appellate review). Additionally, we do not believe that Defendant has established that he was unable to put on a defense or that a potential avenue of defense was unavailable to him because of the absence of Nuno. *Cf. March v. State*, 105 N.M. 453, 456, 734 P.2d 231, 234 (1987) (trial court denied defendant his right to due process and right to subpoena

5

witnesses where the refusal to grant a continuance to secure the presence of a witness resulted in a complete deprivation of a defense of incapacity). We therefore reject these claims.

We also reject Defendant's argument that the State was required to present the same testimony in the de novo district court trial as it did in the magistrate court trial. Defendant cites to no authority in support of this contention. This Court will not consider propositions that are unsupported by citation to authority. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969. We also disagree with Defendant's argument that the State was required to subpoena Nuno as a witness because his testimony was crucial. [MIO 7] We find no indication in the record, and Defendant does not argue, that the State made any representations that it would call Nuno as a witness at the district court trial. *Cf. State v. Candelaria*, 2008-NMCA-120, ¶¶ 20-21, 144 N.M. 797, 192 P.3d 792 (rejecting the state's argument that it had no duty to subpoena the complaining officer where the state made representations that it would make the officer available for trial and the defendant reasonably relied on those representations). We therefore reject Defendant's argument that the State had a duty to subpoena Nuno.

Finally, Defendant argues that the district court erred in finding that the State was not required to file a witness list in this case. Rule 5-501(A)(5) NMRA requires

the State to provide the defense with a list of all witnesses which the prosecutor intends to call at trial. In this case, there is no indication that the State complied with this requirement. However, we do not believe that Defendant was prejudiced by the State's failure to provide a witness list. *See State v. Manus,* 93 N.M. 95, 104, 597 P.2d 280, 289 ( 1979) (stating that a defendant must show prejudice from the state's failure to comply with disclosure rules), *overruled on other grounds by Sells v. State*, 98 N.M. 786, 653 P.2d 162 (1979). There were no surprise witnesses in the de novo district court trial. The witnesses at the district court trial had appeared at the magistrate court trial. *See State v. Quintana*, 86 N.M. 666, 668-69, 526 P.2d 808, 810-11 (Ct. App. 1974) (stating that where the defense knew of the existence of the witnesses before trial, there was substantial compliance with the rule). Defendant also argues that he was prejudiced by the State's failure to provide a witness list because he was not aware until trial that the State did not plan to call Nuno as a witness. [MIO 7-8] However, as Defendant represents that Nuno's testimony in the magistrate court trial was entirely favorable to him, we do not think that it was reasonable for Defendant to expect that the State would call him as a witness at the de novo district court trial. For these reasons, we hold that Defendant was not prejudiced by the State's failure to file a witness list.

For these reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**