This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                           **NO. 29,750**

**EDD "RAY" EIDSON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

Gary C. Mitchell
Ruidoso, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

Defendant appeals his convictions of one count of criminal sexual contact of a minor and one count of aggravated indecent exposure. We affirm.

## BACKGROUND

Because the parties are familiar with the facts and proceedings and because this is a memorandum opinion, we do not provide a detailed discussion of this case's background. We include background information as necessary in connection with each issue raised.

## DISCUSSION

Defendant raises seven issues on appeal, arguing that: (1) the district court erroneously ruled that the State could introduce Victim's prior out-of-court statements if Defendant questioned his expert about inconsistencies in those statements; (2) the jury did not represent a cross-section of the community; (3) the jury was not impartial due to inflammatory comments made by members of the venire during voir dire; (4) the district court conducted an improper taint analysis; (5) this Court should overrule *State v. Ruiz*, 2007-NMCA-014, 141 N.M. 53, 150 P.3d 1003; (6) Defendant received ineffective assistance of counsel; and (7) cumulative error deprived Defendant of a fair trial. We address each issue in turn.

## The District Court Did Not Abuse its Discretion in Making Its Evidentiary Ruling

Defendant maintains that the district court improperly ruled that Victim's prior statements might be admissible. Prior to trial, Defendant moved in limine for exclusion of Victim's statements to witnesses Thompson, Ross, Fisher, and Edwards,

and of the videotaped forensic interview of Victim. After hearing argument on the motion, the district court ruled only that the admissibility of the statements would depend on "how things play[ed] out" during the trial. The court stated that it had not said that the statements were admissible and further noted that the proper time for the court to rule would be when there was an attempt to proffer the statements.

After the trial had been underway for two-and-a-half days, the State raised a concern about whether the statements could be admitted if the defense expert, Dr. Susan Cave, testified that some of Victim's statements were consistent or inconsistent with each other. The State suggested that such testimony would open the door for admission of any prior statements. Defense counsel responded that some facts were mentioned in some of Victim's statements but not in others, and that this circumstance was important for the expert to consider under the law and science related to taint. Defense counsel argued that he was faced with a Hobson's choice because either Dr. Cave would not testify or, if she testified and mentioned one thing that did not make sense because of taint, Defendant's confrontation right would go out the window and all of the statements would come in.

The district court ultimately ruled that the admissibility of the statements would be determined on the basis of how the testimony came in at trial. The court stated that the fact that Dr. Cave would testify did not mean that every interview or statement

would be admitted. However, if the differences in Victim's statements turned out to be significant enough for Dr. Cave to base her opinions on them, then the differences might be significant enough to let the jury determine whether the difference existed.

Defense counsel then announced that he would limit Dr. Cave's testimony by asking her to educate the jury on the subject of taint without reference to the consistencies and inconsistencies mentioned. The defense would ask Dr. Cave to discuss the elements of taint based solely on the testimony she heard during the trial. Although it is not clear from the briefs, it appears that the State never sought admission of the out-of-court statements and that none were admitted in evidence.

"We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. Here, it does not appear that the district court ever made a definitive ruling on the admissibility of Victim's prior statements. Instead, the court ruled that it would determine admissibility based on how the testimony came in. Despite this absence of a definitive ruling, Defendant chose to abandon the line of questioning that might have triggered the State's desire to seek admission of the statements. As a result, we are unable to review for abuse of discretion when developments in the testimony never compelled the district court to exercise its discretion.

Nonetheless, we will consider Defendant's argument that the mere possibility of the statements' admission somehow prevented him from presenting a defense. On appeal, Defendant makes five arguments in support of this position. Of these five arguments, Defendant failed to preserve one, and his arguments on the other four are so undeveloped that we decline to consider them.

Defendant first claims that Victim stated in the forensic interview that Defendant had done something to another girl similar to what he had done to Victim and that this statement was inadmissible under Rule 11-404(B) NMRA. However, Defendant never made this argument in the district court. He never mentioned either the statement regarding the other girl or Rule 11-404(B). As a result, he failed to preserve this argument for appeal. *See State v. Lopez*, 2008-NMCA-002, ¶ 8, 143 N.M. 274, 175 P.3d 942 (explaining that in order to preserve an argument, an objection "must specifically apprise the district court of the claimed error").

Defendant next makes several conclusory arguments that are not sufficiently developed. He maintains that: (1) admission of Victim's statements would constitute an improper use of Rule 11-613 NMRA; (2) the district court's ruling hampered his ability to present a defense under N.M. Const. art. II, § 14; (3) the court's ruling violated the rule of *State v. Manus*, 93 N.M. 95, 597 P.2d 280 (1979), *overruled by Sells v. State*, 98 N.M. 786, 653 P.2d 162 (1982), and, apparently, the holdings of

several cases contained in a string cite; and (4) "[a] combination of different rulings by the [c]ourt can invade a [d]efendant's constitutional rights to [d]ue [p]rocess and a fair trial," in support of which Defendant cites *March v. State*, 105 N.M. 453, 734 P.2d 231 (1987).

In making these arguments, Defendant does not explain how the court's ruling was contrary to Rule 11-613, the New Mexico Constitution, the rule in *Manus* and the string-cited cases, or the holding in *March*. Apparently, he believes that the violations are self evident from the arguments at trial and the bare citations in his brief in chief. We decline to speculate about Defendant's analysis under the authorities he cites because he has not given us the benefit of his thinking. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (explaining that the appellate court need not consider unclear or undeveloped arguments that require the court to guess at what parties' arguments might be), *cert. denied*, 2010-NMCERT-002, ___ N.M. ___, ___ P.3d ___.

In his reply brief, Defendant undertakes an actual analysis of two cases—*State v. Barr*, 2009-NMSC-024, 146 N.M. 301, 210 P.3d 198, and *State v. Sandate*, 119 N.M. 235, 889 P.2d 843 (Ct. App. 1994). However, these cases are not persuasive. In *Barr*, defense counsel attempted to impeach a prosecution witness by pointing out inconsistencies between the witness's in-court testimony and his videotaped interview.

2009-NMSC-024, ¶ 17. The district court then allowed the prosecution to play the entire video. *Id.* ¶ 18. Our Supreme Court held that the videotaped interview was not admissible under either Rule 11-801(D)(1)(b) NMRA or Rule 11-106 NMRA. *Barr*, 2009-NMSC-024, ¶¶ 30-45. In the present case, the State did not rely on either Rule 11-106 or Rule 11-801(D)(1)(b) for admission of Victim's prior statements.

In *Sandate*, this Court concluded that it was error under Rule 11-801(D)(1)(b) to admit the victim's prior videotaped interview in order to "fill in the gaps left by the faulty memory" of the victim when she testified at trial. *Sandate*, 119 N.M. at 240, 889 P.2d at 848. Again, the State did not rely on Rule 11-801(D)(1)(b) in its arguments before the district court.

In conclusion, even if we considered Defendant's undeveloped arguments or the inapposite authority he relies on, we cannot determine that the district court committed error because the court never actually made a ruling on whether Victim's prior statements would be admitted or excluded.

**Defendant Waived His Argument Based on a Violation of the Fair Cross-Section Requirement**

Defendant argues that the jury empaneled after for-cause excusals did not represent a fair cross-section of the community. The State responds that Defendant waived this argument because he failed to raise it before the jury was sworn. We agree. The record does not reflect any objection from Defendant as to the jury's

7

cross-section at any time. A criminal defendant waives such a challenge under these circumstances. *See* NMSA 1978, § 38-5-16 (1969) (stating that a criminal defendant's challenge to the improper selection of a jury "is waived if not raised before the trial jury panel has been sworn and selection of the trial jury commenced"); *State v. Wilson*, 117 N.M. 11, 16, 868 P.2d 656, 661 (Ct. App. 1993) (declining to address the defendant's challenges to jury selection based on federal and state constitutional claims due to the defendant's failure to object prior to the jury's being sworn). We therefore decline to address Defendant's argument.

**The District Court Did Not Abuse Its Discretion in Rejecting Defendant's Request for a New Jury Venire**

Defendant argues that the district court should have excused the venire and conducted jury selection from an entirely new venire because of prejudicial remarks made by some of the venire members during voir dire. "[W]e review the trial court's rulings regarding the selection of jurors for an abuse of discretion because the trial court is in the best position to assess a juror's state of mind, based upon the juror's demeanor and credibility." *State v. Johnson*, 2010-NMSC-016, ¶ 31, 148 N.M. 50, 229 P.3d 523 (alteration in original) (internal quotation marks and citation omitted). "The challenging party bears the burden of proving juror bias." *Id.*

Defendant highlights the following comments by venire members: (1) that Defendant should be castrated; (2) that a potential juror could not be fair because of

8

her grandchildren and daughters; (3) that four venire members could not be fair because of relatives who had been molested; (4) that a potential juror had no respect for anyone who would prey on young children; (5) that a potential juror could not be fair because her granddaughter almost "lost her life to one of these cases;" and (6) that a potential juror wanted to be selected so she could make sure that Defendant "got it" and "fried." Defendant claims that these inflammatory comments "poisoned" the jury.

We initially note that the district court excused for cause all of the venire members who made the above inflammatory comments. As a result, the jury that was empaneled and heard the evidence did not include any of the venire members who made objectionable comments. The question therefore becomes "whether the circumstance unfairly affected *the jury's* deliberative process and resulted in an unfair jury." *State v. Mann*, 2002-NMSC-001, ¶ 20, 131 N.M. 459, 39 P.3d 124 (emphasis added).

Defendant has cited no evidence in the record demonstrating that any empaneled juror was prejudiced by the excused venire members' remarks. Thus, to determine that there was actual bias on the jury, we would have to speculate that one or more of the empaneled jurors disregarded their oath to reach a verdict based on the evidence and the law contained in the court's instructions. Unwilling to engage in such speculation, we conclude that the district court did not abuse its discretion in

9

declining to dismiss the venire and begin jury selection again with a new venire. *See State v. Gardner*, 2003-NMCA-107, ¶¶ 12-13, 134 N.M. 294, 76 P.3d 47 (concluding that district court did not abuse its discretion in "finding a lack of evidence that other jurors were affected by a comment or comments" made by an excused venire member in part because defense counsel did not voir dire the remaining members of the venire to explore possible bias).

**We Decline to Consider Defendant's Undeveloped Argument Regarding the Taint Hearing**

Defendant argues that the district court erroneously concluded that Victim's testimony was not tainted and improperly allowed her to testify. Defendant's argument is vague and based generally on the broad notion that the New Mexico Constitution provides greater due process protections than the United States Constitution does. Based on this conclusory and undeveloped argument, Defendant maintains that the district court did not conduct a sufficiently stringent taint analysis.

Defendant does not tell us how the district court's hearing was lacking. Even if Defendant explained his argument more fully, we would be hard pressed to determine that an evidentiary hearing comprising two full days, including testimony from two experts and seven lay witnesses, was somehow deficient. Given Defendant's failure to develop his argument on appeal, we decline to consider it. *See Fuentes*, 2010-NMCA-027, ¶ 29 (explaining that appellate court need not consider

10

unclear or undeveloped arguments that require the court to guess at what parties' arguments might be).

**We Decline to Overrule *Ruiz***

Defendant argues that we should overrule our holding in *Ruiz*, which rejected the New Jersey approach to determining the admissibility of a child victim's testimony. 2007-NMCA-014, ¶¶ 20-23. The State counters that Defendant failed to preserve this argument in the district court.

Although Defendant never argued for the overruling of *Ruiz*, there are two reasons explaining this. First, *Ruiz* was decided after the district court held the taint hearing in the present case. Second, while *Ruiz* was decided before the trial took place and, therefore, Defendant could have conceivably raised the issue again, a district court is not likely to overrule existing precedent.

Nonetheless, we are not persuaded that *Ruiz* was wrongly decided. In that case, we specifically rejected the argument Defendant now makes in reliance on a New Jersey case. *Id.* Defendant does not convince us that we should depart from our longstanding jurisprudence holding that "questions of credibility are consigned to juries, rather than [to] judges." *Id.* ¶ 23.

**Defendant Has Failed to Establish a Prima Facie Case of Ineffective Assistance of Counsel**

Defendant makes four arguments regarding his contention that he received ineffective assistance of counsel, three of which are without merit because the record is insufficient to permit meaningful review or because they involve counsel's tactical decisions. The fourth argument—that we should abandon the *Strickland* test in favor of an undefined test resting on the New Mexico Constitution's broader due process protections—fails because we are unable to overrule our Supreme Court, whose precedent adopts the *Strickland* test. *See State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729 ("New Mexico follows the test for ineffective assistance of counsel established in *Strickland v. Washington*, 466 U.S. 668 . . . (1984)."); *see also State v. Travarez*, 99 N.M. 309, 311, 657 P.2d 636, 638 (Ct. App. 1983) (explaining that the Court of Appeals must follow applicable precedents of the Supreme Court).

Turning to Defendant's specific claims of ineffective assistance, there is a two-part test for proving ineffective assistance of counsel. Defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that Defendant was prejudiced by the deficient performance. *Hester*, 1999-NMSC-020, ¶ 9. The burden of proof is on Defendant to prove both prongs. *Id.*

Defendant first contends that his counsel was ineffective because counsel did not allow Defendant to testify in his own behalf. However, Defendant concedes that

there is nothing in the record indicating either that Defendant wished to testify or, if he did, what prevented him from doing so.  Under these circumstances, there is nothing suggesting that defense counsel had anything to do with Defendant's failure to testify.  Therefore, Defendant's claim is more properly brought in a proceeding for habeas corpus. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (explaining that "[i]f facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition").

Defendant next maintains that his counsel improperly highlighted the fact that Defendant exercised his rights to remain silent and to have an attorney present. Specifically, he argues that defense counsel questioned Detective Babcock in a way that emphasized the fact that Babcock had called Defendant to interview him and that the person who answered the phone told Babcock to contact Defendant's attorney. There may have been a tactical purpose underlying counsel's cross-examination of Babcock, and "we will not second guess the trial strategy and tactics of the defense counsel." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (footnote omitted) (internal quotation marks and citation omitted).

Defendant's last argument is that counsel failed to exercise a peremptory challenge to strike juror McLeod, who discussed the O.J. Simpson case during voir

dire and noted "the perception [that] people with money can hire many attorneys." Defendant claims this comment was prejudicial because Defendant had three attorneys, while the State was represented by one attorney. Again, counsel may have had a tactical reason for preserving a peremptory strike to use on another juror who may have been perceived to be more problematic, and we do not second guess counsel's tactical decisions.

Although we reject Defendant's claim of ineffective assistance of counsel, he may present his arguments in a habeas corpus petition if he so desires.

**There Was No Cumulative Error**

Defendant argues that he was denied a fair trial due to cumulative error. Because we discern no error in the district court proceedings, there is no cumulative error. *State v. Aragon*, 1999-NMCA-060, ¶ 19, 127 N.M. 393, 981 P.2d 1211.

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

14

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**RODERICK T. KENNEDY, Judge**