This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40314

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BOBBY DIRICKSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** A jury convicted Defendant Bobby Dirickson of possession of a controlled substance (methamphetamine), contrary to NMSA 1978, Section 30-31-23(A), (F) (2019, amended 2021). Defendant argues on appeal that the district court abused its discretion by finding that Defendant "opened the door" and consequently, admitted

evidence that had previously been excluded as a discovery sanction.[1] We reverse and remand.

## BACKGROUND

**{2}**     On the eve of the first scheduled trial, the State discovered and informed defense counsel that Defendant made incriminating statements to one of the investigating officers, Deputy Curtis. The State believed Deputy Curtis would testify that, upon discovering the suspected methamphetamine in Defendant's pants pocket, Defendant told her that he used methamphetamine for pain and asked her if he would receive a charge for having the drug in his pocket. Defendant moved to exclude those statements due to the State's late disclosure. The State did not contest that the discovery rule had been violated and agreed to proceed without using the statements if the court so ruled. The district court suppressed the statements and vacated the next trial setting for COVID-related reasons. The district court held Defendant's trial four months later.

**{3}**     During opening statement, defense counsel told the jury, "What you're not going to hear is any evidence at all, proof beyond a reasonable doubt, that [Defendant] knew that [methamphetamine] was in [his pocket]." The State objected, arguing that defense counsel "opened the door" to admit the previously excluded statements, that defense counsel's remark constituted a comment on matters outside of evidence that could mislead the jury to believe that no evidence of knowledge existed, and thus those statements were now admissible. The district court agreed that defense counsel had "open[ed] the door" and proceeded to permit the State to introduce Defendant's statements to Deputy Curtis. During trial, Deputy Curtis testified that Defendant asked her whether he would receive a charge for the drugs but did not mention that Defendant claimed to use the methamphetamine for pain. The jury convicted Defendant of one count of possession of a controlled substance. Defendant appealed.

## DISCUSSION

**{4}**     We review evidentiary rulings for an abuse of discretion. *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted). "[A] trial court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *State v. Vigil*, 2014-NMCA-096, ¶ 20, 336 P.3d 380. "A misapprehension of the law upon which a court bases an otherwise discretionary evidentiary ruling is subject to de novo review." *State v. Martinez*, 2008-NMSC-060, ¶ 10, 145 N.M. 220, 195 P.3d 1232.

---

[1]Defendant also argues the district court abused its discretion by denying Defendant's motion for a mistrial because the arresting officer testified that she encountered Defendant after responding to a call involving a suspect with multiple warrants. Defendant further claims that he suffered cumulative error. We decline to address these arguments because we reverse on other grounds.

**{5}**     Defendant claims the district court erred by determining that defense counsel's opening statement opened the door to Deputy Curtis's testimony.[2] Defendant claims that defense counsel's remark that the jury would not hear evidence that Defendant knew he had methamphetamine in his pocket did not open the door but was, rather, a comment consistent with the district court's ruling excluding Defendant's statement, and not the introduction of contrary evidence. We conclude the district court abused its discretion by misapplying the "opening the door" doctrine. We further determine Defendant suffered prejudice because of this error. We explain.

**{6}**     "Under the doctrine of curative admissibility, a party may introduce inadmissible evidence to counteract the prejudice created by their opponent's earlier introduction of similarly inadmissible evidence." *State v. Gonzales*, 2020-NMCA-022, ¶ 12, 461 P.3d 920; *see State v. Comitz*, 2019-NMSC-011, ¶ 47, 443 P.3d 1130 ("[W]hen a defendant gives testimony that opens the door to inadmissible evidence, the doctrine of curative admissibility in some circumstances may permit the [s]tate to rebut that claim with otherwise inadmissible evidence." (internal quotation marks and citation omitted)).

**{7}**     We conclude that defense counsel did not open the door by stating, "What you're not going to hear is any evidence at all, proof beyond a reasonable doubt, that [Defendant] knew that [methamphetamine] was in [his pocket]." Here, defense counsel neither introduced evidence nor directly commented on whether evidence of Defendant's knowledge did or did not exist. Rather, counsel merely informed the jury—consistent with the evidence that the district court had determined was inadmissible prior to trial—of the defense's belief where the State's proof would be lacking. Such a remark is altogether distinct from offering evidence to the jury that contradicted the otherwise inadmissible fact that Defendant had made statements suggesting his knowledge of the drugs in his pocket. As a result, to permit Deputy Curtis's testimony that Defendant asked her whether he would receive a criminal charge for the drugs—testimony a reasonable juror could conclude indicated knowledge on Defendant's part of the drugs in his pocket—was improper because Defendant did not open the door by offering evidence that contradicted the evidence suppressed by the district court. *See State v. Andrade*, 1998-NMCA-031, ¶ 21, 124 N.M. 690, 954 P.2d 755 (providing that "responsive evidence is admissible under the doctrine of curative admissibility" to rebut evidence introduced by the defendant that contradicted the responsive evidence). To reiterate, defense counsel appropriately relied on the fact that the district court had excluded the evidence as a discovery sanction, and merely commented on what evidence the jury would and would not hear. *See* UJI 14-101 NMRA ("The opening statement is simply the lawyer's opportunity to tell you what the lawyer expects the evidence to show.").

**{8}**     Our conclusion in this regard further reflects our disagreement with the State's argument that defense counsel's remark sufficiently implied that no evidence of

---

2Both parties assume that the "opening the door," or "curative admissibility," doctrine is generally applicable to opening statements. Without any argument from the parties to the contrary, we likewise assume, without deciding, that this doctrine generally applies to opening statements and we proceed with our analysis accordingly.

knowledge existed or otherwise directly asserted that Defendant did not know there was methamphetamine in his pocket or that Defendant did not say anything to Deputy Curtis. We refuse to extend a remark in an opening statement regarding what evidence would or would not be available to the jury beyond the direct meaning of the chosen words. Those words, simply stated, that there would be no evidence showing Defendant had knowledge of that which was found in his pocket. Under the circumstances of this case, the district court abused its discretion when it misapplied the "opening the door" doctrine and therefore erroneously admitted Deputy Curtis's testimony.

**{9}** Having concluded that the district court committed an error of law, we next determine whether that error was harmless. *See State v. Tollardo*, 2012-NMSC-008, ¶ 25, 275 P.3d 110 ("Improperly admitted evidence is not grounds for a new trial unless the error is determined to be harmful."). "We review improperly admitted evidence for non[]constitutional harmless error." *State v. Duran*, 2015-NMCA-015, ¶ 19, 343 P.3d 207 (internal quotation marks and citation omitted). "[Non]constitutional error is harmless when there is no reasonable *probability* the error affected the verdict." *Tollardo*, 2012-NMSC-008, ¶ 36 (alteration, internal quotation marks, and citation omitted). Our Supreme Court has provided a framework to use to determine whether an error is harmless by stating the following:

> When assessing the probable effect of evidentiary error, courts should evaluate all of the circumstances surrounding the error. This includes the source of the error, the emphasis placed on the error, evidence of the defendant's guilt apart from the error, the importance of the erroneously admitted evidence to the prosecution's case, and whether the erroneously admitted evidence was merely cumulative. These considerations, however, are not exclusive, and they are merely a guide to facilitate the ultimate determination—whether there is a reasonable probability that the error contributed to the verdict.

*State v. Serna*, 2013-NMSC-033, ¶ 23, 305 P.3d 936 (internal quotation marks and citations omitted).

**{10}** Defendant argues that the admission of Deputy Curtis's statements was extremely prejudicial because, based on the district court's prior ruling excluding the statements, the defense strategy was to challenge the State's ability to prove Defendant's knowledge that he had methamphetamine in his pants pocket. In addition, Defendant argues that the reversal of the pretrial ruling after defense counsel's opening statement immediately deprived the defense of its credibility with the jury and "gutt[ed] the defense theory and counsel's ability to present it."[3] We agree with Defendant that

---

[3]Defendant additionally argues he suffered prejudice because the district court's decision deprived him of due process because he had an inadequate opportunity to prepare an alternative defense. *See March v. State*, 1987-NMSC-020, ¶ 8, 105 N.M. 453, 734 P.2d 231 ("The due process right carries with it the right to a reasonable amount of time to prepare a defense."); *State v. Campbell*, 2007-NMCA-051, ¶ 14, 141 N.M. 543, 157 P.3d 722 ("A defendant seeking relief because an avenue for his defense was foreclosed by an evidentiary ruling must show that he was prejudiced by the ruling. However, no more prejudice need be shown than that the trial court's order may have made a potential avenue of defense unavailable

there is a reasonable probability that the error affected the verdict, and thus, the error was not harmless.

**{11}** The State presented the erroneously admitted evidence through the direct examination of Deputy Curtis. The error in admitting this testimony arose when the State successfully argued that the defense had opened the door to the evidence. "Knowledge, like intent, is personal in its nature and may not be susceptible of proof by direct evidence." *State v. Montoya*, 1966-NMSC-224, ¶ 10, 77 N.M. 129, 419 P.2d 970. Yet here, the erroneously admitted testimony constituted direct evidence of a necessary element of the crime of possession—Defendant's knowledge that he had methamphetamine in his pocket. *See* UJI 14-130 NMRA (defining "possession").

**{12}** It is clear from the record that the defense relied heavily on the exclusion of Deputy Curtis's statements, and that the State otherwise lacked direct proof of knowledge. Without that testimony, the State's prosecution rested on a commonsense interpretation of knowledge—that a person presumptively knows what is in their pockets. We do not regard Deputy Curtis's testimony as cumulative evidence because the testimony introduced the entirely *new* fact that Defendant had some awareness of the consequences of having methamphetamine on his person.

**{13}** The State also emphasized Deputy Curtis's testimony in closing. In support of the element of knowledge, the prosecutor argued, "You heard the testimony of Deputy Curtis, she removed that from his pocket, and his response was to ask, 'Am I going to catch a charge for this?' or something along those lines. Certainly a question that you do not ask unless you know that what you have in your pocket is something that is illegal or prohibited by law." The State also closed with its theory that Defendant must have known what was in his pockets. However, this theory on its own—absent the erroneously admitted evidence—may very well have been insufficient for a jury to convict Defendant of possession. We note that Defendant had approximately one eighth of a teaspoon of loose methamphetamine in his pocket. Without the erroneously admitted evidence, the jury reasonably could have found that Defendant had no knowledge this small amount of methamphetamine was in his pocket.

**{14}** We conclude that under the circumstances here, there is a reasonable probability that Deputy Curtis's testimony affected the verdict and led the jury to convict Defendant of possession. *See Tollardo*, 2012-NMSC-008, ¶¶ 36, 43. We therefore hold that the district court's erroneous admission of that testimony was not harmless.

**CONCLUSION**

**{15}** For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

---

to the defendant." (alteration, internal quotation marks, and citations omitted)). We do not reach Defendant's due process argument because we conclude that the admission of Deputy Curtis's statements prejudiced Defendant.

**{16}** IT IS SO ORDERED.

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**